John M. Bach *v.* William M. Ballard et als.

13 487
46 633

The duties of an attorney *ad hoc* for an absentee do not terminate with the conclusion of the suit in the lower court : it is incumbent upon him to appeal, if, in his opinion, his client will be benefited thereby.

The appeal bond is properly signed by the attorney *ad hoc* in behalf of his client.

An agreement for the extrajudicial partition of land cannot be established by parol evidence.

APPEAL from the District Court of the parish of St. Helena, *Wilson, J.* *Ivy F. Thompson,* for plaintiff. *Penn & Martin* and *M. M. Smith,* for defendants and appellants.

Cole, J. An action was instituted by the heirs of *James Ballard* for the sale and partition of a tract of land.

Plaintiff enjoined the sale, claiming thirty acres in said tract by purchase from *Johnson Carnes,* who bought from *William M. Ballard,* one of the heirs.

It appears that said *W. M. Ballard* subsequently took out letters of administration upon his father's succession, had said land inventoried as the property of that succession, and then united whith his co-heirs for a sale and partition. With the injunction suit a petitory action has cumulated, in which plaintiff sues all the heirs of *James Ballard,* praying to be decreed the legal owner of thirty acres, and to be maintained and quieted in his possession.

The case was tried before a jury, whose verdict was in favor of plaintiff, and two only of the defendants have appealed from the judgment of the court thereon.

A motion has been made to dismiss the appeal as to one of them, *Lydia Ann Ballard,* wife of *G. B. Zachary,* for the following reasons :

1. " Because she is a married woman and is without authority to stand in judgment, not being authorized or joined by her husband, nor authorized by the court."

This objection comes with a bad grace from the appellee, for he has a judgment and it was his duty before obtaining it to see that the proper parties were in court.

2. " Because she has not executed an appeal bond, as the law requires.

3. " Because the bond purporting to be an appeal bond purports to be in the name, and is signed by the attorney *ad hoc,* which is a nullity.

4. " Because the attorney *ad hoc* is without authority in fact or law to appeal in his own name, or in his own right, separate and distinct from the absentee whom he represents."

The motion for appeal was made in open court by the attorney *ad hoc.*

The appeal bond was in the name of " *Miles M. Smith,* attorney *ad hoc* for *Lydia Ann Ballard,* wife of *Green B. Zachary,*" as one of the principals, and signed " *M. M. Smith,* attorney *ad hoc.*"

We are of opinion that the duties of an attorney *ad hoc* for an absentee do not terminate with the conclusion of the suit in the lower court, and it is incumbent upon him to appeal, if, in his opinion, his client can be benefited thereby.

He is appointed to represent the interests of the absentee in the suit ; and, it cannot be considered as terminated until it has been adjudicated upon by the final tribunal.

BACH
v.
BALLARD.

As it is the duty of the attorney *ad hoc* to watch over and protect the rights of the absentee there is no objection to his signing the appeal bond in his behalf.

The motion to dismiss the appeal is, therefore, overruled.

Upon the merits we would observe, that plaintiff endeavored to succeed in his petitory action and injunction against *Lydia Ann Ballard*, by showing there had been a verbal agreement between her and the other heirs, by which they had consented to an extra-judicial partition of the land. So far as she was concerned, there was nothing but parol testimony, which was excepted to by the attorney *ad hoc.*

The judgment as to her must, therefore, be reversed.

Plaintiff claims, in the event of a reversal as to *Lydia A. Ballard,* that she pay her proportion of the value of the improvements put by him upon the land.

The act of sale to him shows that his vendors sold the land to him with "no other warranty of title than that resulting from their acts."

This fact connected with the other circumstances of the case establish, that she is not liable for any part of the improvements.

With relation to *William Spring,* the other appellant, it appears that *John Ballard* applied as one of the heirs of *James Ballard* in conjunction with the other heirs for a sale and partition of the land in dispute.

Plaintiff enjoined the sale, and also instituted a petitory action, suing among others *John Ballard,* who answered that he had parted with his interest to *William Spring,* and could not stand in judgment.

No evidence was introduced of any transfer from *John Ballard* to *Spring.*

*John Ballard* having sued in the suit of partition as one of the owners of the land, which partition was stopped by the action of plaintiff, and as there is nothing to show he has ever parted with his title, except his simple assertion, and nothing to show that if he did part with it, that the transfer was not executed after the commencement against him of judicial proceedings for the recovery of the land, we are, therefore, of opinion that he is not entitled to a judgment in his favor.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, so far as the sustaining of the injunction of the District Court interferes with the title and control of *Lydia Ann Ballard,* wife of *Green B. Zachary,* over one undivided fifth of the land in contestation, and so far as it recognizes plaintiff as the owner of the whole of the land in dispute, and makes *Mrs. Zachary* and husband liable for any of the costs of suit. It is further ordered and decreed, that the judgment be so amended as that *Mrs. Zachary* be recognized as the legal proprietor of one undivided fifth of the thirty acres of land sued for, being situated in the parish of St. Helena, and designated by lot No. one, sec. 4, T. 4, south of range No. 7 east, the whole containing 108 acres; that she be forever quieted in her title to the same. It is further ordered that the judgment in all other respects be affirmed, and that the costs of appeal be paid by appellee and *William Spring,* one of the appellants.