WRIGHT & WILLIAMS *v.* MRS. M. D. C. CANE et al.

The partition of property among heirs, made without compliance with the formalities and require-
ments of the law, is a nullity.
And the effort of one of the heirs to enforce by suit the partition thus informally and illegally made,
does not ratify the partition and cure the defect.

APPEAL from the District Court, Parish of Bossier, *Jones,* J.
L. M. Nutt, for appellee.

The facts are stated in the opinion of the Court.

TALIAFERRO, J.   Larkin Edwards, formerly of the Parish of Caddo,
died in the year 1842, leaving a small succession, consisting of land, slaves
and personal property.   He left six heirs.: Larkin, Newton C., Ann,
Emily, a predeceased daughter (who left children), the wife of one Irwin,
and Matthew J. Edwards.   Soon after the death of their ancestor, five of
these heirs entered into a partition, before a notary public, of all the pro-
perty of the estate, excluding Matthew J. Edwards, and ignoring his
rights and rejecting him as a co-heir.   This act of partition seems not to
have been preceded by an inventory or any order of Court.   Jacob Irwin,
as father and natural tutor to his minor children, represented them in
the proceeding.   At the time of this division of the property, Matthew J.
Edwards was a convict in the penitentiary, at Baton Rouge.   After his
term of imprisonment was over, he returned and brought suit against his
sister Emily, wife of James Sherrick, for four hundred dollars, estimating
that sum, as it seems, to be the amount which each heir should contribute
to make up his share in the estate.   His legitimacy was contested, but
without success.   He was duly recognized as an heir, and obtained judg-
ment for the amount claimed.   Execution subsequently issued upon this
judgment, and was returned not satisfied.   This was about the year 1842.
Afterwards, in 1858, Matthew J. Edwards sold, by notarial act, to Joseph
Williams, one of the plaintiffs in this case, all his rights in the succession
of his father, Larkin Edwards, deceased.   By notarial act, Emily Sherrick
having, as appears by an admission in the record, previously purchased
the share of Larkin Edwards, Jr., sold to James H. Cane " her right,
title, interest and claim in and to" certain parcels of land described in the
act, and specified to contain two hundred and forty-two acres.   Her inte-
rest and share is specially declared in this act to be one undivided half of
said parcels of land.   The declaration of the quantity sold is repeated in
the conveyance.   " The vendor hereby declares that by this act she *only*
sells and conveys to the said James H. Cane, *one undivided half* of said
tracts or parcels of land herein described."   These tracts are referred to

in the act of sale as being the same partitioned to Larkin Edwards, Jr., and Emily Edwards, wife of James Sherrick, by act before Joseph E. Beal, on the 10th of June, 1842.

The plaintiffs bring suit against the defendants for the interest and share of the lands belonging to the estate of Larkin Edwards, which they derive from Matthew J. Edwards, one of the heirs.

The action is one of partition. The defendant filed an exception, alleging non-joinder of parties, etc., and in an amended answer she sets up title to the lands in controversy, and pleads the prescription of ten years and all other prescriptions applicable to her defence.

. The judgment of the District Court was in favor of the defendant, and plaintiffs have appealed.

There is some obscurity in the pleadings as well as in regard to the titles of the parties. The plaintiffs set out that Emily and Larkin Edwards, Jr., together *with Ann Edwards*, wife of Sherrick, sold their interests to James Cane. By reference to the informal partition, before referred to, it is seen that *all* the lands of Larkin Edward's estate were assigned to these three heirs, Larkin, Jr., Emily and Ann. The counsel for defendant, in his written argument, seems to take the declaration of plaintiffs, that the three heirs named sold *their shares* of the property to Cane, as an admission that defendants owned all the land.

In the brief of defendant's counsel, he argues that the suit instituted by Matthew J. Williams, in 1842, against his sister, for her proportional contribution to him in money, to make up his share in the estate of their common father, as a ratification of the partition, and that plaintiffs are estopped by that proceeding.

We consider the partition by the five heirs a mere nullity, vesting title in no one. We are unable to concur with the District Judge that the suit brought by Matthew J. Edwards against Emily Edwards, was a ratification of the partition. It is not easy to perceive that a sane person would ratify an act which expressly excludes and cuts him off from his share of an estate to which he is legally entitled, without receiving an equivalent in some form. We cannot regard the act, relied upon by defendants' counsel as a ratification, in any other light than as depending upon the condition of obtaining payment of his share of the common estate from his co-heirs; and a ratification with a condition is no ratification at all. It does not appear that anything was ever received by the excluded heir from his father's estate.

The personal action brought by him against his co-heir was, perhaps, not a well-considered proceeding on the part of his attorney; but Courts should be slow to give force to injudicious proceedings when their tendency is, as in the present case, to inflict manifest wrong.

The plea of prescription is better founded. The defendant shows a title translative of property, dated on the 11th of April, 1845, and alleges a peaceable possession of more than ten years prior to the institution of

plaintiffs' suit.   This plea is resisted on the ground that Edwards, under whom plaintiff holds, was in duress during most of the term by which defendant seeks to make good his title.   We do not feel ourselves called upon at this time to decide the question of prescription; but the disposition which we shall make of this case, requires us to say that we find nothing in the evidence showing that defendant has such a title to *all* the land as will enable her to prescribe for the whole.   The succession of Larkin Edwards owned two hundred and ninety-four acres of land.   We find title in the defendant to only one hundred and twenty-one acres, as shown by the act of sale from Emily Sherrick and husband.   He shows no deed or title, of any kind, from Ann Edwards, the wife of Abner Sherrick.   On the contrary, we find, evidence in the record showing that Ann Edwards sold her interest in the land to McWilliams; and also a sale of the same land from McWilliams to Wright, one of the plaintiffs.   The defendant shows no title other than the one from Emily Sherrick and husband, that could avail him as a basis for the prescription of ten years.

We are of opinion that the exception of the defendant, as to the want of proper parties is well taken.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; that the case be dismissed as of nonsuit, reserving their respective rights to all the parties. It is further ordered, that the costs of this suit in both Courts be sustained by plaintiffs.