# Speakman *v.* Vest, *et al.*

*Bill for Dissolution of Partnership.*

(Decided Feb. 6, 1908.    45 South. 667.)

1. *Partnership; Bill for Dissolution; Answer; Admissions as Estoppel.*—Where the answer to a bill for the dissolution of a partnership admits the existence of the partnership such admission is conclusive on the respondent and estops him to deny the relation so long as the admission remains.

2. *Same.*—The admission in the answer of the relation of a partnership does not deny to either party the right to show the true terms and conditions of the contract governing their respective interests nor can it alter or impair the agreement under which the parties engage in the enterprise.

3. *Reference; Matter Subject to Reference; Complicated Account.*—Where accounts comprising the history of a number of transactions covering a long period of time, and are voluminous, and the correctness of some of the items thereof is in dispute, a reference may be ordered to state such an account.

4. *Equity; Evidence; Answer as Evidence.*—The noting by respondent of his answers as testimony does not operate to make them testimony in the case where the complainant has not noted them in his note of testimony. (Anderson and McClellan, JJ., dissent.)

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by W. I. Speakman against J. W. Vest and others for the final settlement of an alleged partnership. Judgment for respondents, and complainant appeals. Reversed and remanded.

E. W. GODBY, for appellant. The admission and the answer that a partnership existed are conclusive of that fact.—*Gresham v. Ware,* 79 Ala. 200; *Tony v. Moore,* 4 S. & P. 383. The right to an accounting is clear from the uncontradicted evidence.—*Harris v. Harris,* 132 Ala. 208. The court erred in not ordering a reference.—*Moffatt v. Hanna,* 154 Ill. 649; *Paige v. Gorich,* 107 Ill. 361; 97 Ill. 119; 83 Ill. 563; 11 Ill. 361; 5 Dana 520. The burden of proving an agreement for salary had not been met.—*Glover v. Hemnry,* 82 Ala. 329. Independent of a partnership Speakman had the right of an accounting. —17 Cyc. 876; 62 Ala. 538; 57 Am. Rep. 607.

JOHN R. SAMPLE, and WERT & WERT, for appellee. Under the evidence there is no partnership.—*Pulliam v. Schimpf,* 100 Ala. 362; *Gulf Shingle Co. v. Boyle,* 29 South. 800; *Neleus v. McGraw,* 93 Ala. 245; *Stafford v. Sibley,* 106 Ala. 189; *Couch v. Woodruff,* 63 Ala. 466; *Taylor v. Bush,* 75 Ala. 432.

McCLELLAN, J.—The bill involves the final settlement of an alleged partnership, and, of course, embraces an accounting. The respondent Vest, in his answer, admitted the existence of the partnership. In this state of the pleadings, the matter being material, the respondent was concluded by the admission, and estopped to deny the relation so long as that admission remains in the answer.—*McGehee v. Lehman, Durr & Co.,* 65 Ala. 316; *Gresham v. Ware,* 79 Ala. 192; *Toney v. Moore,* 4 Stew.

& P. 355.  However, this status, created by the conclu-
sions in the answer, cannot result in denying to either
party the right to adduce testimony to show the true
terms and conditions of the contract governing the re-
spective interests of the parties therein or their share in
the results of the business; nor can such status be given
any effect to alter or impair the agreement under which
the parties engaged in the enterprise.  It is entirely im-
material whether, in acquainting the court with the
terms and conditions of the contract, it is discovered
that in law and fact no partnership existed. The account
must be stated, and there is no way to do so without
knowing the rights of the parties under the contract
made by them.  After a careful consideration of the tes-
timony in this regard, which is in irreconcilable con-
flict, we find, with the chancellor, that about January 8,
1898, Vest became the owner of complainant's interest
in the mill and its attachments.  Hence after that time
the complainant was without concern in its operation or
later disposition.

The admission in the answer entitled the complainant
to an accounting under the rules and practices of the
court.  The accounts exhibited with the depositions of
Vest are voluminous, consuming upwards of 100 pages
of this transcript, and are comprised of the history of
scores of transactions usually present in the operation
of a sawmill.  They cover a period of many years; and
the correctness of some items is impugned, in greater or
less degree, by testimony adduced.  Under such condi-
tions it is proper to order a reference to state the ac-
count between the parties.  On a reference the contested
items will be segregated, and the exceptions to the report
will enable the chancery court, and this court on appeal,
to understandingly and readily pass upon designated
and assigned errors, rather than upon the undigested

mass.—*Moffett v. Hanner*, 154 Ill. 649, 39 N. E. 474; *Daly v. St. Patrick's Church*, 97 Ill. 19. The agreement by which Vest engaged to operate the mill under the style of J. W. Vest & Co. is, upon the whole legal evidence, found to be that Vest was to receive for his services the sum of $30 per month for the time devoted to the enterprise, and that Wiggins and Vest and complainant were to share one-third each in any profits accruing after all expenses were paid. Of course, the absence of profits up to January 8, 1908, or legally in hand at that time, would preclude the defendant from any recovery.

The decree appealed from is reversed, and the cause is remanded, that proceedings may be had in accordance with this opinion, unless, in respect of the reference, complainant should decide that, in the light of our rulings, there were no profits in which he was entitled to share, and unless the answer is amended so as to eliminate the admission referred to. The costs of this appeal will be taxed against the appellant and appellee Vest in proportions of one-half each.

Reversed and remanded.

TYSON, C. J., and HARALSON and DOWDELL, JJ., concur.

## ON RE-HEARING.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and DENSON, JJ., hold that the asserted admissions in the answers are not so unequivocal as to warrant the application thereto of the rule stated in the original opinion, and that the noting by the respondent Vest as testimony of his answers did not operate to make the answers testimony in the cause, the complainant not having so noted the answers in his note of testimony, and that on the aspect of the bill that it prays an accounting between

[Ackley & Co., et al. v. Hunter, Benn & Co. Company.]

tenants in common, the account in the premises being long and complicated, a reference should have been taken to state the account up to January 8, 1898.

The writer, with whom ANDERSON, J., concurs, adheres to the views already expressed.