(109 So. 773)

No. 27646.

## FOX v. SUCCESSION OF BROUSSARD.

(June 28, 1926. Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Frauds, statute of ⬉68.**

Extrajudicial partition of real estate cannot be established by parol evidence.

2. **Partition ⬉4—Neither owners nor their vendee held entitled to enforce partition not final or definite as to description of land against succession of deceased co-owner.**

Where it did not appear that agreement between owners for partition was to be final, and description of land to be allotted to each was indefinite, and division was not to take effect until a survey was made and partition reduced to writing, which was never done, neither owners nor their vendee could enforce partition against succession of deceased co-owner.

3. **Tenancy in common ⬉33.**

Co-owners may orally agree among themselves as to interest each shall own in land in indivision, in absence of any definite stipulation in act of purchase fixing such interest.

4. **Tenancy in common ⬉30.**

Under agreement whereby one of owners was to get 11 per cent. of acreage and other two 44½ per cent. each as between themselves, three owners owed a like proportion of mortgage debts and taxes.

5. **Subrogation ⬉14(2).**

Purchaser of part owners' interest discharging mortgage debt and taxes *held* subrogated to all rights of mortgage and privilege securing debts discharged as against succession of deceased co-owner whether payments were made by purchaser or his vendors.

6. **Subrogation ⬉14(3)—Purchaser of immovable property, who employs price of his purchase in paying creditors to whom property was mortgaged, and who has an interest in discharging it, is entitled to subrogation (Civ. Code, art. 2161).**

Legal subrogation takes place of right, for benefit of purchaser of any immovable property, who employs price of his purchase in paying creditors to whom property was mortgaged and for benefit of him who, being bound with others, or for others for payment of debt, had an interest in discharging it, in view of Civ. Code, art. 2161.

Appeal from Fourteenth Judicial District Court, Parish of Jefferson Davis; Jerry Cline, Judge.

Action by Edward Fox against the Succession of Edgar Broussard. From the judgment defendant appeals. Reversed and rendered.

John B. Fournet, of Jennings, and W. J. Carmouche, of Crowley, for appellant.

Modisette & Adams, of Jennings, for appellee.

THOMPSON, J. On January 3, 1920, Alfred, Theodore, and Edgar Broussard purchased in indivision and in equal proportions a plantation containing some 906 acres.

After the purchase, the parties entered into a tentative and conditional verbal agreement of partition.

Under this agreement Alfred was to get the east 100 acres, equal approximately to 11 per cent. of the whole. Theodore was to get the east half of the remaining acreage or, say, 403 acres, equal approximately to 44½ per cent. of the whole, and Edgar was to get the west 403 acres, equal to 44½ per cent. of the whole.

The parties took possession of their respective allotted tracts, but no formal written act of partition was ever executed.

The parties installed on the plantation a pumping and irrigation plant for the service of the plantation as well as for service of rice crops grown on adjoining plantations. In this irrigation plant the three parties owned an equal interest.

In purchasing the plantation the parties assumed the payment of, or thereafter incumbered the property with, three mortgages, one in favor of H. M. McIver for $21,000; one in

favor of McIver for $3,000; and one in favor of Mrs. Frances McDonnell for $7,000.

Subsequent to the execution of the several mortgages Edgar Broussard died, and Despanie Broussard was appointed administrator of the succession.

On March 20, 1925, Alfred and Theodore Broussard sold their interest in the plantation and in the irrigation and pumping plant to Edward P. Fox. The consideration of this sale, as stated in the deed, was the payment of $3,500 cash and the assumption by Fox of the proportionate share due and owing by the vendors on the mortgage in favor of McIver for $21,000.

This suit is brought by Fox to have the verbal partition made between his vendors and Edgar Broussard recognized, confirmed, and made executory, and to be decreed the owner of the land as allotted to his vendors in said verbal partition, and to have the pumping plant sold in order to effect a partition.

A moneyed judgment is also asked against the succession of Edgar Broussard for the sum of $7,109.10, being the proportionate amount owing by the said Edgar Broussard on the mortgages due on the land, and which was paid by the said Fox, and a like proportion of the taxes due on said land paid by said Fox, together with recognition and enforcement of the liens, privileges, and mortgages securing said amounts against the interest of the succession in said land.

The district judge dismissed the demand to have the irrigation plant sold to effect a partition as in case of nonsuit, and refused to recognize and confirm the verbal partition, but recognized the plaintiff as owner of 55½ per cent. interest in the whole land in indivision with the succession of Edgar Broussard.

Judgment was also rendered against said succession for the amount claimed with recognition of mortgage and privilege on the undivided interest of the succession in the land.

The two issues presented on this appeal are: (1) Whether there was a partition of the land between the three original owners such as can be legally enforced; and (2) whether the plaintiff was legally subrogated to the mortgages and privileges securing the amounts paid by him on the mortgage debt and for taxes.

[1] Our conclusion on the first proposition is that an extrajudicial partition of real estate cannot be established by parol evidence.

In the case of Bach v. Ballard, 13 La. Ann. 487, the plaintiff sought to support his petitory action by showing there had been a verbal agreement between the defendant and the other heirs by which they had consented to an extrajudicial partition of the land, but the court held that an agreement for the extrajudicial partition of land could not be established by parol evidence.

To the same effect is the case of Wright and Williams v. Cane et al., 18 La. Ann. 579. There the court held that a partition of property among heirs, made without compliance with the formalities and requirements of the law, was null and void.

[2] While it appears in this case that a tentative partition was agreed on by which the owners were to take respectively certain portions of the land as mentioned, yet it does not appear that this agreement was to be final. The description of the land to be allotted to each was not definite and certain, and, besides, the division was not to take effect until a survey was made and the partition reduced to writing, which was never done.

It is very clear, therefore, that the vendors of plaintiff could not have enforced the verbal partition against the succession of their deceased co-owner, and their vendee certainly has no greater rights.

[3] It was competent, however, for the three owners to agree verbally among themselves as to the interest each should own in the land in indivision, in the absence of any

definite stipulation in the act of purchase fixing such interest.

[4] There appears to be no question that such an agreement was entered into whereby one of the owners was to get 11 per cent. of the acreage and the other two 44½ per cent. each. Under this agreement as between themselves the three owners owed a like proportion or percentage of the mortgage debts and taxes.

[5] We are unable to see wherein this division agreement operates prejudicially against the defendant succession. It is true the succession would owe quoad its co-owners a greater per cent. of the debts than it would have owed if no division had been agreed on, still by such an agreement the succession became owner of a greater interest in the land. In other words, instead of owing 33⅓ per cent. of the land as originally purchased, the succession by virtue of the agreement gets 44½ per cent.

There appears to be no doubt but that the amount claimed was paid by the plaintiff or with money furnished by the plaintiff, and these payments went to the discharge of the mortgage debts and taxes.

It is immaterial whether such payments were actually made by the plaintiff or by his vendors. In either event the party paying was legally subrogated to all rights of mortgage and privilege securing the debts discharged.

If the payments were made by the plaintiff's vendors, they became legally subrogated to all the mortgage rights as against their co-owner, the succession, and which rights they specially transferred to the plaintiff.

If the payments were made by the plaintiff after his purchase, then as co-owner of the land he was likewise subrogated to all of the mortgage rights and privileges securing the amount so paid.

[6] Legal subrogation takes place of right, for the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors to whom the property was mortgaged and for the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it. C. C. art. 2161. It appears from the evidence that the succession paid, on May 22, 1924, $1,260, representing two years' interest on the mortgage debt of $21,000. The succession is therefore entitled to a credit of 55½ per cent. of this amount or, say, $699.30, with 8 per cent. per annum interest from date of payment.

On the theory that there had already been a partition of the property, the plaintiff did not pray for a partition either in kind or by licitation.

It is alleged in defendant's answer that the property is not susceptible of a division in kind, and in this court all parties have joined in a written agreement requesting the court to order a sale of the whole property, including the canal and pumping plant to effect a partition, with stay of execution till November 1, 1926; this sale to be made after due advertisement and full compliance with all legal requirements.

It will be necessary to recast the judgment appealed from.

For the reasons assigned, it is ordered and decreed that the plaintiff be recognized as the owner of 55½ per cent. of the lands described in the petition, and two-thirds interest in the irrigation and pumping plant, and that the defendant be recognized as the owner of 44½ per cent. of said land, and a one-third interest in the irrigation plant.

It is further ordered that the plaintiff have judgment against the defendant for the sum of $7,109.10, with 8 per cent. per annum interest on $1,495.29 from March 20, 1925, and with like rate of interest on $1,126.76 from March 30, 1925, and with a like rate of interest on $3,798.53 from April 1, 1925, and 5 per cent. as attorney fees, and with 10 per

cent. per annum interest on $311.65 from April 20, 1925, and with a like rate of interest on $376.87 from April 24, 1925, subject to a credit of $699.30, with 8 per cent. per annum interest from May 22, 1924, till paid.

The mortgages and privileges are recognized in favor of the plaintiff on the interest of defendant in said lands to secure the payment of the various amounts herein allowed.

It is further ordered that all of the property, including the canal and pumping plant, be sold at public auction in the manner prescribed by law to effect a partition between the parties, the said sale not to be made earlier than November 1, 1926.

The right of all creditors holding claims against the canal and irrigation plant and machinery to have a separate appraisement made of said canal and irrigation plant is hereby reserved.

It is further ordered that plaintiff pay costs of this appeal and the defendant the costs of the lower court.

O'NIELL, C. J., concurs in the decree.