(128 So. 595)

GRIFFITH et al. v. FIRST NAT. BANK OF GUNTERSVILLE.

6 Div. 546.

Supreme Court of Alabama.

May 29, 1930.

312

C. J. Griffith and W. M. Westbrook, Jr., both of Birmingham, for appellants.

J. A. Lusk, of Guntersville, for appellee.

SAYRE, J.

Appellee's bill sought to subject appellant J. C. Griffith's undivided interest in a tract of land which appellant and his coheirs, who were joined as defendants, had inherited from their father, to the satisfaction of its prior recorded judgment. Complainant averred that it was advised that appellant (so to speak of J. C. Griffith) had acquired, in addition to the interest inherited by him, the interests of some of his coheirs, and prayed that appellant and the other defendants be required to disclose their interests in the land and that appellant's interest be subjected to the payment of his debt to appellee. The joint and separate demurrers of appellant and his codefendants having been overruled, they joined in this appeal.

The statute, Code, § 7874 et seq., creates a lien in favor of recorded judgments, "in the county where filed, on all the property of the defendant which is subject to levy and sale under execution." Section 7875. Upon any judgment so recorded execution may be issued at any time within ten years from the date of such judgment. Code, § 7876. This court has ruled that, notwithstanding the remedy by execution afforded by the statute, "the jurisdiction of a court of equity, without the intervention of other equitable ground, may be invoked to subject property to the lien of a recorded judgment; the statutory remedy by execution not being exclusive, but additional or cumulative only." Johnston v. Bates, 209 Ala. 16–18, 95 So. 375, 376, where Duncan v. Ashcraft, 121 Ala. 552–555, 25 So. 735; Gurley v. Robertson, 178 Ala. 326–332, 59 So. 643, and Enslen v. Wheeler, 98 Ala. 200, 13 So. 473, are cited in support of the decision. This settles the equity of the bill without regard to the prayer for discovery which further contributes to that equity. The necessity for the discovery sought, for the separation of the interest of the judgment debtor from the interests of the other joint owners, the other appellants, is sufficient basis on which to rest the equity of the bill as against defendants other than the judgment debtor. The bill witnesses no effort to involve the interests of owners not parties to the judgment, but only an effort to segregate the interests of the joint owners in order that the interest of the judgment debtor in the property may be subjected to the payment of his debt. We find no objection to this process.

Let the decree overruling the joint and separate demurrers be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.