140 So. 359

GRIFFITH et al. v. FIRST NAT. BANK OF GUNTERSVILLE.

6 Div. 997.

Supreme Court of Alabama.

March 10, 1932.

Theodore J. Lamar and T. A. Murphree, both of Birmingham, for appellants.

J. A. Lusk, of Guntersville, for appellee.

FOSTER, J.

Complainant is a judgment creditor of James C. Griffith, and has obtained a lien upon his property subject to execution by having a certificate of the judgment duly recorded in Blount county. James C. Griffith was one of seven children of Robert G. Griffith, deceased. They inherited, some ten years before this suit was filed, a large tract of land in Blount county.

The bill seeks a combination of equitable remedies available to a judgment creditor with a lien, and this court has sustained its equity on former appeal. 221 Ala. 311, 128 So. 595. It prays for a discovery of assets, requiring answers under oath, and seeks to enforce its lien on the interest of James C. Griffith in the land mentioned, when fixed by the court, and makes the other heirs and cotenants parties.

They all answered under oath stating the description of the large tract, which they inherited, but averred that there had been a division of the property by verbal agreement, "wherein each party got his own interest, and James C. Griffith obtained the West half of Southwest quarter, Section 32, Township 9, Range 2 East, and Southwest quarter of Southeast quarter, Section 32, Township 9, Range 2 East, being his portion and of which he is now in possession." The answers also allege that each of them has possession of his share so obtained, and holds it under such oral partition.

Upon submission on bill and answers, without testimony by respondents, the court decreed that the undivided one-seventh interest of James C. Griffith be subjected to the lien of the judgment, and that the verbal partition agreement was a nullity.

Appellants insist that the decree should only affect that portion awarded to him by the partition. That is the only question involved in this appeal.

In several of our cases the rule was affirmed that, if cotenants make a verbal agreement of partition of land held by them in common, and each takes possession of the portion thus awarded to him, each is estopped to repudiate the agreement, and becomes the equitable owner of such portion. Betts v. Ward, 196 Ala. 248, 72 So. 110; Smith v. Duvall, 201 Ala. 425, 78 So. 808; Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837; Id., 217 Ala. 128, 115 So. 21.

It is also said in Betts v. Ward, supra, that a mortgagee of an undivided interest can-

not vacate such a voluntary partition in the absence of fraud (or some inequitable circumstance, we may add) affecting his interest. This is in line with section 9315, Code, relating to a partition by legal proceedings.

■■ If complainant felt aggrieved by such partition, as injuriously affecting its rights, it should have brought it to the attention of the court by an amendment to the bill. All the parties are before the court, and, under such an agreement, each party to it has a perfect equity in his respective portion, and the whole legal title is in the parties to the cause. We do not think that it is necessary to make any specific application to the court to declare by its decree that James C. Griffith has a perfect equity, and that it be established as a legal title, in order that it may be condemned in this cause in which the court has jurisdiction otherwise. The answers of the tenants in common, all under oath, constitute a judicial declaration and admission of the agreement and its effect which will hereafter estop them from denying it, and, when the equity court acts upon the faith of such admissions to that extent, it will fix the status of the legal title. The statements in their answers, sworn to by them, when followed by a decree, upon the faith of such answers, by which the portion thus awarded to James C. Griffith is condemned to sale, and sold for the satisfaction of the judgment of complainant, would in connection with such proceedings operate to vest in a purchaser at such sale the legal as well as the equitable title in the same, as effectually as though the partition had been evidenced by a conveyance of such land in due form to him, or affirmatively declared by the court. This can only be done of course when both the legal and equitable title are before the court. In this case such is the situation.

■ The remaining question is one of proof, considered in connection with the effect of the answers.

Section 6548, Code, provides that, on hearing a bill and answer, without testimony, the answer when oath is not waived must be taken as true, "so far as it is responsive to the allegations of the bill." Wynn v. Rosette, 66 Ala. 517. Section 6549 provides that an answer under oath, when oath is not waived, to the extent that it denies the allegations of the bill, does not now, as formerly, impose the burden on plaintiff to use two witnesses (or, etc.); but such answer has the weight of the evidence of the witness taken upon interrogatories. It is said that such answers on oath in response to allegations and interrogatories in the bill are by complainant's consent thereby to be treated as evidence, but not so as to such as are not made in response to complainant's allegations or demand. Agnew v. McGill, 96 Ala. 496, 11 So. 537; Marshall v. Croom, 52 Ala. 554; Sims Chan. Prac., § 495.

But without regard to the right of a respondent to use such sworn answer as evidence, and whether the answer is directly responsive to the allegations and interrogatories, it is certainly treated as evidence when complainant notes it as such in the note of testimony. Rice & Wilson v. Tobias, 83 Ala. 348, 3 So. 670; Goodloe v. Dean, 81 Ala. 479, 8 So. 197; Speakman v. Vest, 154 Ala. 412, 45 So. 667; Sims Chan. Prac., § 519. Ordinarily pleadings are not so treated, and, unless noted as evidence, they only serve to formulate the issue, and control the burden of proof. Sellers v. Farmer, 147 Ala. 446, 41 So. 291; Coleman v. Birmingham Fer. Co., 208 Ala. 160, 93 So. 904; Conner v. State ex rel. Perry, 212 Ala. 360, 102 So. 809; Rule 75, Chan. Prac.

As complainant noted the sworn answers as evidence, we need not consider whether they were so responsive to the allegations of the bill and interrogatories as to be taken as true under section 6548, or as the depositions of a witness under section 6549. They were not noted as evidence by respondents, but became evidence in the case for all purposes when noted as such by complainant.

■ Such answers are therefore, not only judicial admissions by the respondents, effective against them, but affirmatively prove as evidence the facts therein alleged with respect to the partition agreement.

We think that the court was in error in holding that the agreement of partition was a nullity and not effective so far as complainant was concerned, and in decreeing that the undivided one-seventh interest of James C. Griffith in all of said land be subjected to the judgment of complainant and sold in its satisfaction, but that the decree should subject to sale in satisfaction of the judgment the west half of southwest quarter, section 32, township 9, range 2 east, and southwest quarter of southeast quarter, section 32, township 9, range 2 east, in Blount county, Ala., and it is now modified so as to direct its sale instead of an undivided one-seventh interest in the larger tract. In other respects the decree is affirmed, with an additional allowance of thirty days in which to pay the amount of the judgment and costs not including the cost of this appeal, which is taxed against appellee.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.