BRUNOT, Justice.
 

 This, is a petitory action. The suit was originally for the recovery of a one-half interest in a tract of land in the parish of Acadia, La., described as follows:
 

 “That certain tract of land situated in the North East Quarter (N. E. %) of Section thirty-three (33) Township Eight (8) South, Range Three (3) East, containing thirty-, one and 25/100 (31.25) arpents, more or less, being bounded on the North by Mrs. Emmaline Mire, on the East by the Section' line of Charles Babin, on the South by Albin Alleman and Onezime Melancon, and on the West by the Estate of J. Sidney Arceneaux.”
 

 After issue was joined in the suit, the plaintiff abandoned its claim to a 1/48 interest in the described property and prosecuted its suit for the recovery of a 23/48 interest therein. Both litigants trace their respective titles to a common author. The plaintiff purchased its alleged interest in the property from R. L. Murray on November 26, 1934, and the defendant Euclide Le Blanc purchased the property involved in this suit on December 2, 1909. He took immediate physical possession thereof, as sole owner, and his ownership was not questioned until this suit was filed on December 3, 1934. In the brief of defendants’ counsel, both chains of title are accurately given, and the issues raised by the pleadings are clearly stated. We quote from said brief the following:
 

 “Plaintiff and Defendants all claim under a common author and the deed from J.- S. Arceneaux to Valerien LeBlanc appearing at page 107 of the transcript. This deed was dated in the year 1897 and described 62 arpents, the land involved in this suit being the south half thereof.
 

 “Valerien LeBlanc and his wife died in the early part of the 20th Gentury and were survived by four children: (a) Don Louis LeBlanc, who was the father of the Defendant, Euclide LeBlanc, (b) Marie LeBlanc Meche, (c) Jules LeBlanc and (d) Anna LeBlanc Hanks, wife of Joseph Hanks.
 

 “By deed appearing at page 109 of the transcript, dated September 14, 1906, which was shortly after the death of Valerien LeBlanc and his- wife, Marie LeBlanc Meche, who had inherited an undivided one-fourth interest in the 62 arpents, sold and conveyed her undivided one-fourth interest to Joseph Hanks, who was married to Anna LeBlanc Planks, one of the heirs, so that thereafter Joseph Hanks and his wife owned a one-half interest in the original tract of 62 arpents, the south half of which is involved in this litigation.
 

 “By deed shown at page 121 of the transcript, dated September 14, 1906 (the same date as the deed from Marie Meche to Joseph Hanks) Jules LeJBlanc, one of the four heirs, conveyed his one-fourth interest to Don Louis LeBlanc, the father and vendor of the Defendant, Euclide LeBlanc.
 

 “It, therefore, appears from the record evidence that on September 14, 1906, title to the entire 62 arpents became vested, one-half in Don Louis LeBlanc, who had inherited a one-fourth interest and purchased a one-fourth interest, and one-half in Joseph
 
 *643
 
 Hanks and his wife, he having purchased a one-fourth interest and she having inherited a one-fourth interest from her father and mother, Valerien LeBlanc and his wife.
 

 "On November 27, 1909, by deed shown on page 127 of the transcript (recorded December 8, 1909), Mrs. Anna LeBlanc I-Ianks, joined by her husband who executed the deed with her, sold and conveyed to Onzemine Melancon the north half of the 62 arpent * * * tract of land described in the deed as follows:
 

 “ ‘Thirty-one (31) arpents of land, with all buildings and improvements situated thereon, situated in the Parish of Acadia, State of Louisiana, known and described as being bounded on the North by Louis Guidry, South by Don Louis LeBlanc, East by Charles Babin and West by J. S. Arceneaux, and being the same land acquired by vendor from the succession of Valerien LeBlanc.’ (Defendants’ Exhibit D-2).
 

 “A few days after this sale, and on December 2, 1909, as shown by deed on page 124 of the transcript (recorded December 4, 1909), Don Louis LeBlanc sold to Euclide LeBlanc the south half of the 62 arpents described in the deed as follows:
 

 “ ‘A certain tract or parcel of land, together with the buildings and improvements thereon, situated in the Parish of Acadia, State of Louisiana, and being thirty (30) arpents more or less, which are bounded as follows, to-wit: On the North by Onezime Melancon, on the South by Albin Alleman, on the East by Charles Babin and on the West by J. S. Arceneaux, being the same land the vendor acquired from his father, Valerien LeBlanc, by inheritance and by purchase from Jules LeBlanc.’ (Defendants’ Exhibit D-3).
 

 “Euclide LeBlanc, immediately upon purchasing the land just described, entered into the actual physical possession thereof and he and his family continued that possession up until the trial of this case, and, therefore, for approximately twenty-five years. In addition to the title acquired by the partition and from the 'common author, J. S. Arceneaux, Euclide LeBlanc’s title, according to Defendants’ claim, vested under the deed from Don Louis LeBlanc by the prescription of ten years.
 

 “Euclide LeBlanc acquired title while married to Fedora Meche who died some time prior to the institution of this suit, so that a one-half interest in the property * * * owned by him was inherited by her children and he and those children leased the land for mineral development purposes and sold various royalty and mineral rights, the lease and rights being held and owned by other defendants before the Court. * * *
 

 “If Joseph Hanks and his wife divested themselves * * * of all interest in the south half of the 62 arpents by the partition evidenced by the two deeds executed in 1909, or if Euclide LeBlanc acquired title by the prescription of ten years, then the deed to R. L. Murray and the deed from him to the Plaintiff, are intrusive only and conveyed no title whatsoever.”
 

 The case was tried and, from a judgment maintaining the defendants’ plea of ten years’ prescription acquirendi causa and dismissing the suit at plaintiff’s cost, the plaintiff appealed.
 

 
 *645
 
 The substance of the defenses is that plaintiff and its authors in title are estopped from questioning the partition of the 62 arpents of land previously owned, in indivisión, by Don Louis Le Blanc, in the proportion of one-half thereof, and by Mrs. Anna Le Blanc Hanks and her husband, Joseph Hanks, in the proportion of one-fourth to each, which was accomplished by the deed of Mrs. Anna Le Blanc Hanks, joined therein by her husband, Joseph Hanks, to Onezime Melancon, dated November 27, 1909, and recorded December 8, 1909, and by the deed from Don Louis Le Blanc to Euclide Le Blanc, dated December 2, 1909, and recorded December 4, 1909, both of which deeds are more particularly described supra; and that Euclide Le Blanc acquired the south half of the property, in good faith, and for a valuable consideration, and has had the undisturbed physical possession thereof under a title, on its face, translative of the property, for approximately 25 years from the date of his purchase thereof to the date this suit was filed.
 

 Considerable testimony was offered to show that the owners of the north and south halves of the 62 arpents had established the dividing line of their respective properties, on the ground, by a turn row, and other indicia of said boundary line. The plaintiff contends that, in the sale of the north half of the 62 arpents of land to Onezime Melancon, Joseph Hanks joined in the said act of sale merely to aid and authorize his wife. It must be remembered that Mr. and Mrs. Hanks each owned a one-fourth interest in the property, and it required the transfer of the interests of both in order to convey to the purchaser one-half of the whole property. Each knew t'he extent of his or her interest therein and neither has, at any time, questioned their vendee’s title to a full one-half of the whole property. It is only after the lapse of approximately 25 years, and after the discovery of oil in paying quantities on the south half of the 62 arpents .of land, that speculators, in search of easy money, have endeavored to take advantage of what they conceive to be a flaw in Euclide Le Blanc’s title to, at least, one-half of his property, while the unattacked title of Onezime Melancon is in the identical situation.
 

 By the conduct and acquiescence of Mr. and Mrs. Joseph Hanks, the plaintiff’s authors in title, the defendants’ plea of estoppel is well founded, but whether or not this plea be maintained, Euclide Le Blanc acquired the property involved in this suit in good faith for value by a title, on its face, translative of the property, and has held undisturbed physical possession thereof, under said title, for more than ten consecutive years prior to the filing of this suit.
 

 It follows that, under Civ.Code, arts. 3478 and 3479, the defendants’ plea of prescription acquirendi causa was properly maintained and this suit was correctly dismissed, at the plaintiff’s cost.
 

 We have summarized the facts, and they appear to us to be conclusive that further consideration of plaintiff’s contentions are unnecessary.
 

 For the reasons stated, the judgment appealed from is affirmed, at appellant’s cost.
 

 O’NIELL, C. J., absent.
 

 FOURNET, J., dissents.