**FAULK et al. v. FAULK et al.**

**No. 1845.**

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

Felix J. Samson, of Abbeville, for appellants.

O. H. Deshotels, Jr., and Marcus A. Broussard, both of Abbeville, for appellees.

DORE, Judge.

On February 18, 1893, Erastus and John (Jean) Faulk, acquired jointly the following described tract of land: "One certain tract of woodland situated in the Parish of Vermillion on the west side of the Bayou Vermillion and west of Coulee Kinney, bounded North by Ben Faulk, south by Joseph W. Harrington, East by present vendor (Sevenne Hebert) and west by Antoine Gray, containing eight arpents, more or less."

This is a suit by the heirs of John (Jean) Faulk against the widow and heirs of said Erastus Faulk for a partition by licitation of four arpents of the said tract of land, located in the western part thereof. The defend-

ants deny that plaintiffs own any interest in the land sought to be partitioned; they aver that shortly after the father of plaintiffs and their husband and father acquired the above-described 8 arpents of land, they divided and partitioned the same between them by verbal agreement, the said John (Jean) Faulk taking the east half of said tract and the said Erastus Faulk taking the west half, the land now sought to be partitioned, and that each went into the actual, open, and physical possession of their respective tracts in accordance therewith. That the dividing line between the two tracts was fixed and agreed upon by the said two co-owners, and the trees along the dividing line were blazed and marked by these co-owners, and the dividing line thus established was recognized and respected by them; that the father of plaintiffs further approved and confirmed said division and partition of said 8-arpent tract between himself and Erastus Faulk on February 1, 1908, by selling and conveying the east half of said tract by a notarial act to F. J. Broussard, wherein the land so conveyed was described as follows: "One certain tract of land, lying and being situated in the Parish of Vermillion, Louisiana, on the west side of Bayou Vermillion, containing four (4) arpents of land, same being bounded as follows: On the north by Erastus Faulk, on the south by land of Joseph Harrington, east by Dulva Hebert, and West by Eraste Faulk. The land herein conveyed being woodland."

Defendants aver that by the recital of said deed, John Faulk and his heirs are estopped from asserting any claim to the west half of said 8-arpent tract for the reason that said John Faulk has confirmed the partition of the tract wherein Erastus Faulk was given the west half by conveying the east half which had been assigned to John Faulk, and, in the act of conveyance, by describing the four arpents conveyed as bound on the west by Erastus Faulk. Defendants further allege that Erastus Faulk, their husband and father, immediately after the acquisition and partition, went into the actual, open, and physical possession of the west half of the original tract; and that, after his death, they have likewise had the actual, open and physical possession of the same; that John Faulk, immediately after the acquisition and partition, went into the actual, open, and physical possession of the east half until he sold same to Broussard, and that Broussard has been in the open, actual, and physical possession of same since he acquired it; that no adverse claims were made by any of the parties until this suit was filed. Defendants plead the prescription of ten and thirty years, and by way of reconvention asked to be recognized as owners of said west half, and that a document wherein plaintiffs claim to have an interest in said property be canceled and erased from the records as a slander on their title, and that they be awarded damages against plaintiffs in the sum of $500 for the slander of their title.

Judgment was rendered in favor of plaintiffs recognizing them as co-owners with defendants of said property and ordering same partitioned by licitation. Defendants have appealed.

The evidence shows that shortly after John (Jean) and Erastus Faulk acquired this 8-arpent tract of land, they undertook to run a dividing line through the same and blazed and marked several trees so as to designate this line; that thereafter Erastus Faulk cut timber on the west half, and John Faulk cut timber on the east half; that each took physical possession of their respective tracts and neither encroached on the lands of the other after they had established this line. This was the situation when, in 1908, John (Jean) Faulk conveyed his four arpents on the east side to Broussard, and described the west boundary of his four-arpent tract as the lands of his co-owner, Erastus Faulk. The evidence further shows that John (Jean) Faulk pointed out to his purchaser, Broussard, the west line of this four-arpent tract by showing the purchaser the marked trees as the line, and told the purchaser not to cut any trees west of that line.

Although John Faulk lived more than fifteen years after he sold this east half of the tract that he had acquired jointly with Erastus Faulk, he never at any time made any claim to the west half, nor did his heirs make any such claim until a short time before the suit was filed. It is clearly shown by the evidence that these two original co-owners divided the original tract into two parts by marking a well-defined dividing line, one taking the east half and the other the west half, and each taking possession of his respective track. This verbal agreement was not only entered into, but it was also actually executed and observed by the parties interested for more than thirty years.

Partition is a form of exchange and an exchange of rights to immovables must be in writing the same as sales and transfers of immovables. Therefore a partition of an immovable between co-owners must be in writing. Bach v. Ballard, 13 La.Ann. 487; Fox v. Succession of Broussard, 161 La. 949, 109 So. 773; Milburn et al. v. Wemple et al., 156 La. 759, 101 So. 132, 133.

But it is clearly indicated in the last two cases cited above that where a verbal partition between the co-owners has been executed by them and the lines fixed and possession of the several tracts and by the owners of their respective parts over which they exercised acts of ownership, the verbal partition is thereby ratified and confirmed, and the co-owners are estopped from questioning the partition. For instance, in the case of Fox v. Succession of Broussard, supra, the reason that the verbal partition was not upheld in that case was because it was only tentative and not final and definite. In the other case, the parole partition was not enforced for the reason that the agreement was not fully executed by all parties; however, the court was careful to announce on rehearing that its statement to the effect that parole evidence is inadmissible, in every case, to prove the ratification of an unauthorized sale or partition was too broad, as cases may arise where such acts may be ratified by conduct and silence. The syllabus of that case says: "Ratification of an agreement of partition by taking possession, in order to be complete and effective, must be performed by all parties in interest."

The Supreme Court has unmistakably gone on record as holding that a co-owner may be estopped from questioning a verbal division of land where he sold the tract allotted to him by the parole agreement, and where the other co-owner has sold the tract allotted to him and no claim has been made by either co-owner to the other tract over a period of many years, and where a dividing line has been established and recognized by the co-owners. Chaumont Oil Co., Inc., v. Le Blanc et al., 185 La. 640, 170 So. 21.

This is in line with the rule in other states where the courts hold that in such a situation, the co-owner who goes into possession of the tract allotted to him by the parole agreement and exercises acts of ownership thereon, is estopped to deny the partition and becomes the equitable owner of the part assigned to him. See Griffith et al. v. First Nat. Bank, 224 Ala. 296, 140 So. 359, and cases there cited.

The facts here fully justify the application of this rule. The co-owners not only made a definite and clear partition of the tract by verbal agreement, but they fully ratified it by their conduct and silence, and plaintiff's father by authentic act accepted the part allotted to him by selling it, and recognized the ownership of the other part in his co-owner by designating him as owner of the tract which bound his tract on the west. The plea of estoppel herein filed by the defendants is well founded and is maintained, and plaintiffs' suit will be dismissed at their costs.

In this court, the defendants have abandoned their claim for damages due to the recordation of a document wherein the plaintiffs claim an interest in the property. They only ask that the judgment of the lower court be reversed, and that plaintiffs' suit be dismissed, and that they be decreed to be the owners of the property in dispute, to which they are entitled.

For these reasons assigned:

It is ordered that the judgment appealed from be reversed, annulled, and set aside, and it is now ordered that plaintiffs' suit be dismissed at their costs; and

It is further ordered that there be judgment herein in favor of defendants and against plaintiffs recognizing the said defendants as the true and lawful owners of the following described property, to wit: "That certain tract or portion of land lying and being situated in the Parish of Vermillion, on the west side of Coullee Kinney containing four arpents, more or less, being bounded on the north by the Estate of Erastus Faulk, on the east by F. I. Broussard or Assigns, on the south by C. H. Brookshire et als, and west by the Estate of Erastus Faulk, being the western portion of the same property acquired by John (Jean) Faulk and Erastus Faulk from Sevene Hebert, by act of sale on record in volume 10, at page 628, under entry No. 5646 of the conveyance records of the parish of Vermillion."

It is further ordered that the clerk of court for the parish of Vermillion be and he is hereby directed to cancel and erase from the records of his said office the inscription as evidenced by registry in volume 129 of Conveyances, at page 191, under entry No. 59242. All at the costs of plaintiffs herein.