FOURNET, Chief Justice.
This hypothecary action was instituted by judgment creditors[1] of Edwin Randolph Barnett, against George J. Fruthaler, Jr., *179 who, subsequent to the recordation of plaintiffs’ judgment, purchased from Barnett certain property located in Jefferson Parish. The defendant filed exceptions of no right and no cause of action and one of misjoinder of parties, which were overruled, whereupon he answered, averring that in acquiring the said property he applied the purchase money in paying creditors of Barnett whose recorded claims outranked the judgment of plaintiffs, and as a consequence he became subrogated to these superior ranking claims. In the meantime, Miller Mortgage Company, Inc., from which the defendant had borrowed the money to purchase the property, intervened as holder of a first mortgage executed by the defendant on the 16th day of August, 1954, the same day that defendant acquired the property from Barnett, asserting that they have a claim superior to all others by virtue of that mortgage;[2] alternatively, they ask that the Court decree “that they are subrogated to the * * * encumbrances,” superior ’in rank to the one sought to be enforced by the plaintiffs, which were discharged with the money loaned by them to the defendant.
The case went to trial on those issues and the trial judge found for the plaintiffs, recognizing the priority of their judgment, rejecting and dismissing the intervention by the Miller Mortgage Company, Inc., and condemning the defendant to deliver the property to the sheriff in order that the same might be sold in satisfaction of the judgment sued upon. The intervenor and the defendant have both appealed.
The facts, as disclosed by the record, are that on the 16th day of August, 1954; by notarial act before Louis G. Dutel, Jr., Notary Public, the defendant acquired from E. Randolph Barnett certain property and improvements bearing municipal number 321 Arlington Drive, Metairie,[3] for the recited consideration of “Sixteen Thousand Two Hundred and no/100 ($16,200.00) Dollars, All Cash.”[4] At the same time *181 and before the same Notary, the defendant executed a mortgage on the property to Miller Mortgage Company, Inc., in amount of $15,375. Meanwhile, on July 29, 1954,[5] the Notary had secured from the Clerk of Court of Jefferson Parish a certificate of mortgage, which showed four encumbrances affecting the property[6] but failed to show a fifth — the plaintiffs’ judgment against Barnett, which had been of record since June 4, 1954.® Some ten days after the sale was consummated the four encumbrances listed by the Clerk were paid by Dutel, for a total sum of $15,-289.86,[7] and cancellations thereof in the office of the Clerk were obtained. Those payments, by checks dated August 25, 1954, and drawn by Dutel on his “Exchange Account,” occurred simultaneously with receipt by Dutel of the Miller Mortgage Company check, payable to him, for $15,-375, the full amount of the mortgage loan. The Miller mortgage was recorded on August 27, 1954. On November 24, 1954, this suit was filed by Frederick E. Bierhorst and the other judgment creditors to recover on their judgment, a vain demand for payment having been made on the judgment debtor, Edwin Randolph Barnett, more than thirty days prior to bringing suit.
On this appeal the appellants concede that the property, having been acquired by defendant subject to the plaintiffs’ mortgage against the vendor Barnett, is subject to the hypothecary action. The defendant and intervenor are not in disagreement; they contend that, under the express provisions of the LSA-Civil Code, *183 Article 2161,[8] and the jurisprudence of this State — the four encumbrances priming plaintiffs’ claim having been paid by the Notary with funds furnished by the appellants and for their benefit — that either one or the other must be declared to be subrogated to the claims of the four creditors whose encumbrances were paid.
The appellees, on the other hand, claim that subsection 1 of Article 2161 of the Code cannot apply to Miller Mortgage Company because that company was not a mortgage creditor at the time of the sale from Barnett to the defendant; nor, under the jurisprudence, can subsection 2 of that Article apply to defendant, the purchaser, since the sale was made for a cash consideration of $16,200, receipt of which was acknowledged by the vendor, who paid his own creditors and had the inscriptions of the four encumbrances cancelled and erased from the records. Their second contention is that, in any event, the defendant cannot claim the benefits of subrogation because the funds received from Miller Mortgage Company were commingled by the Notary with other funds in his Exchange Account, which account included money of the vendor, Barnett.
We find no merit in plaintiffs’ first contention as to the defendant Fruthaler. Under Article 2161 of the LSA-Civil Code, “Subrogation takes place of right: * * * 2. For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged. * * * ” The fact that the deed recites that the sale was made for cash, receipt of which was acknowledged by the vendor, is not controlling; and under the jurisprudence, parol evidence may be introduced, as was done in this case, to show that the purchase price went directly to pay the encumbrances.[9]
*185 The plaintiffs’ remaining contention is equally without merit. The record clearly shows that the Notary received the Miller Mortgage Company check and deposited it to his Notary’s Exchange Account; that the receipt of the money from the Mortgage Company by the Notary, and the latter’s payment of the encumbrances which primed plaintiffs’ judgment, were simultaneous transactions; and that those payments were made with the purchase price of the property furnished by the defendant purchaser. While the record also shows that the Notary received $68 from Barnett, the vendor, and $474.50 from defendant, it is clear that those amounts did not contribute to the satisfaction of any one of the encumbrances.
For the reasons assigned, in so far as the judgment of the lower court recognizes the plaintiffs’ right to the hypothecary action for the unpaid portion of their recorded judgment, with interest and costs, and rejects the claim of Miller Mortgage Company, Inc., intervenor, it must be affirmed; but in so far as it rejects the rights of defendant, George J. Fruthaler, Jr., to be subrogated to the claims of creditors whose encumbrances were recorded as follows: (a) Mortgage by E. Randolph Barnett in favor of The Prudential Insurance Company of America for $10,000 by act before B. P. Landry, N. P., dated 2/1/1950, recorded in M.O.B. 173, folio 462; (b) Paving lien against E. Randolph Barnett in favor of Police Jury of Parish of Jefferson for $644.50, Ordinance No. 41 adopted on 1/10/1951, recorded in M.O.B. 188, folio 347; (c) Mortgage by E. Randolph Barnett in favor of Rene J. Legier for $3,800 by act before Isaac S. Heller, N.P., dated 4/28/1953, recorded in M.O.B. 218, folio 628; (d) Judgment against E. Randolph Barnett in favor of Acme Realty Co., Inc., for $2,000 with interest, etc., as per No. 29,828 of 24th Judicial District Court, Parish of Jefferson, dated 12/2/1953, recorded in M.O.B. 227, folio 641, it is annulled and set aside; and it is now ordered, adjudged and decreed that the defendant, George J. Fruthaler,, Jr., be, and he is, legally subrogated to the rights of the above creditors whose claims were paid out of the purchase price of the property, to the extent of the amounts so expended, or $15,289.86; and these claims will be paid by preference and priority to that of the plaintiffs out of the proceeds of the sale of the property. Plaintiffs to pay all costs.

. They are: Frederick E. Bierhorst. Mrs. Lois Elmer, wife of Dr. Sparkman H. Wyatt, and Dr. Sparkman H. Wyatt. According to a stipulation in the record, the judgment sought to be enforced was obtained by the plaintiffs on May 21, 1954, against Edwin Randolph Barnett, in the Twenty-Second Judicial District Court for the Parish of St. Tammany, in amount of $15,000, with 5% interest from June 10, 1953, on his promissory note for that amount secured by mortgage and subject to a credit of nine monthly installments of $125 each, paid when due by Barnett to plaintiffs, plus attorney’s fees and costs; and a further credit of $9,700 resulting from the sale of the mortgaged property by the sheriff on July 21, 1954; the aforesaid judgment having meanwhile, on June 4, 1954, been recorded in the office of the recorder of mortgages for the Parish of Jefferson, on which date E. Randolph Barnett was the owner and was in possession of the property concerned in the instant litigation.

. This position has been abandoned, and on appeal the intervenor relies only on its alternative prayer.

. The property is- described as Lots 9 and 10 in Block 13, bounded by Arlington Drive, Dorrington Boulevard, Avalon Way and Dolores Avenue, measuring each, 25 feet on Arlington Drive by a depth of 148 feet between equal and parallel lines; being situated in the Parish of Jefferson, in Beverly Knoll Subdivision, as Extended, on Metairie Ridge.

. Of this amount, $800 in cash, by check to the vendor Barnett, had been paid by the defendant on July 14, 1954, upon aeceptanee of his offer to purchase the property, “conditioned upon the ability of the purchaser to borrow upon this property as surety the sum of $15,400.00 by a mortgage loan known as a G-I loan at a rate of interest not to exceed 4%% per annum and for a period not to exceed 20 years, which loan the purchaser obligates himself to obtain if procurable.” The loan applied for was later reduced to $15,375, and the remaining $25 necessary to make up the purchase price of $16,200 was included in a check for $474.50 covering various closing costs, given by the defendant to the Notary at the time of the sale.

. These were: a. Mortgage by E. Randolph Barnett, in favor of The Prudential Insurance Company of America for $10,000 by act before B. P. Landry, N.P., dated 2/1/50, recorded in M.O.B. 173, folio 426. b. Paving lien against E. Randolph Barnett in favor of Police Jury of Parish of Jefferson for $644.50, Ordinance No. 41 adopted on 1/10/1951, recorded in M.O.B. 188, folio 347. c. Mortgage by E. Randolph Barnett in favor of Rene J. Legier for $3,800 by act before Isaac S. . Heller, N.P., dated 4/28/1953, recorded in M.O.B. 218, folio 628. d. Judgment against E. Randolph Barnett in favor of Acme Realty Co., Inc., for $2,000 with interest, etc., as per No. 29,828 of 24th Judicial District Court, Parish of Jefferson, dated 12/2/1953, recorded in M.O.B. 227, folio 641.

. That inscription read: Judgment against Edwin Randolph Barnett in favor of Frederick E. Bierhorst et al. for $15,000 with interest, etc., as per No. 12,560 of St. Tammany Parish, dated May 21, 1954, recorded in the Parish of Jefferson in M.O.B. 235, folio 41, on June 4, 1954.

. Upon being approached by Dutel prior to the sale, the four creditors listed by the Clerk of Court of Jefferson Parish agreed to accept, in full payment of their respective claims, the following amounts: The' Prudential Insurance Company of America, $8,981.47; the Police Jury of Jefferson Parish, $608.39; Home Bldg. & Loan, holder of the Legier mortgage, $3,700; and Acme Realty Co., $2,000.

. “Subrogation takes place of right: 1. For tbe benefit of him who, being himself a creditor, pays another creditor, whose claim is preferable to his by reason of his privileges or mortgages. 2. For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged. * * * ”

. See W. K. Henderson Iron Works & Supply Co. v. Jeffries, 159 La. 620, 105 So. 792, and Fox v. Succession of Broussard, 161 La. 949, 109 So. 773. In the former case, the earlier jurisprudence to the contrary was overruled; and it was therein observed that Article 2161 of our LSA-Civil Code is a literal translation of Article 1251 of the Code Napoleon. The jurisprudence of France is uniformly to the effect that if the purchase money is used by the purchaser or by someone acting for him to pay inscribed creditors, legal subrogation takes place. See Fuzier-Herman, Code Civil Annoté, t. 3, Art. 1251, Nos. 59-66; Dalloz, Jurisprudence Générale, Repertoire (I860), t. 33, V» Obligations, no 1926; Codes Annotés de Sirey (2 éd. 1875), t. 1, p. 552, no 49; Dalloz, Codes Annoys (1903-1905), t. 3, p. 137, no 138 et seq., esp. 145: “If payment should be made 'by the purchaser, it is not indispcnsuL-o *185 that the purchaser himself, and in person, should pay the price into the hands of the inscribed creditors; payment may be effected by an agent, especially by the medium of a notary. To that effect, see Démolombe, t. 27, n° 533; Aubry et Kau, 4e edit., t. 4, sec. 321, text and note 58, p. 183; Laurent, t. 18, n° 92 ; Hue, t. 8, no 71; Baudry-Lacantinerie et Barde, t. 2, no 1552.” (Translation ours.)