# Sellers *v.* Farmer.

*Bill for Specific Performance.*

(Decided May 17th, 1906. 41 So. Rep. 291.)

1. *Equity; Pleas; Joinder of Issue.*—Under chancery Rule 76 it is not necessary to note pleadings in the submission of a cause; and in the absence of demurrer or replication issue will be treated as taken on pleas in the answer.
2. *Appeal; Presumption in Favor of Decree.*—Where pleas have been proven, it will be presumed in favor of the decree that it was based upon the pleas and proof of them, although no mention is made of the pleas in the decree.
3. *Same; Rulings on the Evidence.*—Where the opinion of the chancellor states that the respondent's objection to complainant's testimony are well taken and must be sustained, but no ruling thereon is shown by the decree, assignments of error relating to the ruling on such testimony cannot be considered.

APPEAL from Henry Chancery Court.

Heard before HON. W. L. PARKS.

This was a bill filed by the appellant to enforce specific performance of a contract alleged to have existed between appellant and appellee. The chancellor denied the relief prayed and complainant appeals.

WILLIAM C. OATES and WILLIAM L. MARTIN, for appellant.—There was no submission on the pleas which was a waiver of them.—*Adair v. Feder*, 133 Ala. 620; *Holloway v. Southern B. & L. Asso.*, 136 Ala. 160; *Johnson v. Common Council*, 127 Ala. 244. By proceeding to trial without mentioning the pleas was a waiver of them.—

*Daughdrel v. Helm,* 53 Ala. 62; *Harper v. Campbell,* 102 Ala. 342.

The matters of record referred to by the witness Oates were merely incidental or collateral, not falling within the rule requiring the highest and best evidence.—*East v. Pace,* 57 Ala. 521; *Street v. Nelson,* 67 Ala. 504; *Foxworth v. Brown,* 120 Ala. 59.

T. M. ESPY, for appellee.—The special pleas were not tested by complainant, and he will be held to have taken issue on them, and being proven, was entitled to the decree rendered.—*Tyson v. Decatur Land Co.,* 121 Ala. 414; *Johnson v. Common Council,* 127 Ala. 244; *Stein v. McGrath,* 128 Ala. 175; *Mylam v. King,* 139 Ala. 319. It is clear that under rule 76 of chancery practice that pleadings need not be noticed by the register in order for the court to consider them.—*Jones v. Babylon,* 45 Ala. 161; *Carter v. Thompson,* 41 Ala. 381; *Reese v. Baker,* 85 Ala. 474.

DENSON, J.—Bill to enforce the specific performance of a contract to convey lands. From a decree of the chancellor denying the relief prayed for the complainant prosecutes this appeal. In his answer to the bill as it was last amended the respondent as a defense to the bill incorporated independent special pleas. This he might well do under the statute and reap the benefits that might flow from proof of the pleas, the same as if they had been pleaded separate and apart from the answer.—Code 1896, § 699; *Stein v. McGrath,* 128 Ala. 175, 30 South. 792; *Mylin v. King,* 139 Ala. 319, 35 South. 998; *Tyson v. Decatur Land Co.,* 121 Ala. 414, 26 South. 507.

But it is insisted by the appellant that issue was not joined on the pleas, and therefore that the principle established in the cases above cited cannot avail the defendant anything, although the proof may establish the averments made in the pleas. The insistence that issue was not joined on the pleas is based solely on the proposition that the pleas are not mentioned in the note of submission. Rule 76 of the chancery court provides that:

"On the hearing of a cause, the court can dispense with the reading of the pleadings and proofs; and in that case, the complainant's counsel must state the case made by the bill, and the defendant's counsel the case made by the answer. The complainant's counsel must then offer his testimony in chief, naming the witnesses and other testimony of which the register must take a note; and then that of the defendant must be offered, and noted by the register; to which the complainant in like manner, must offer his rebutting testimony. Any testimony not offered in this way, and noted by the register on the minutes, must not be considered as any part of the record, nor considered by the chancellor. Counsel on either side in the course of their arguments can read any portion of the pleadings or proofs. A hearing on bill and answer, motion, demurrer, exceptions, or appeal shall conform as far as applicable to this rule." It is obvious that the rule excludes the idea that it is necessary to make a note of the pleadings at all. The pleadings are a part of the record, and the court may refer to the record, and any part of it, without any note being made of it. But the evidence, to become a part of the record, must be, not only noted in the note of submission, but noted by the register on the minutes. By the pleas being incorporated in the answer, as they were, the complainant's attention was called to them, and if he deemed them sufficient he should have had their sufficiency tested in the appropriate way. Not having done so, the complainant must be held to have silently taken issue on the pleas.—*Tyson v. Decatur Land Co.*, 121 Ala. 414, 26 South. 507; *American Freehold Land Mortgage Co. v. Dykes*, 111 Ala. 178, 18 South. 292, 56 Am. St. Rep. 38. It is true that in the decree no mention is made of the pleas or that the decree is particularly rested upon the issue presented by the pleas. Nevertheless, as the decree was in favor of the respondent, if the pleas are proved, to sustain the decree of the court we would presume that the decree was based on the pleas and proof addressed to them. We concur with the chancellor, as expressed in his opinion, that

the testimony establishes the pleas; and the decree dismissing the bill is correct, whether the pleas are in the abstract good or bad.   See authorities supra.

The grounds in the assignment of errors which relate to the objections to testimony cannot be considered, as it does not appear from the decree that any ruling was made with respect of objections to evidence.   It is true in the chancellor's opinion he states that objections made by the respondent to complainant's testimony are well made and must be sustained; but this is merely the expression of an opinion, and, not being embodied in the decree, cannot be reviewed.

We find no error prejudicial to the appellant in the record, and the decree appealed from is affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.