(93 South. 904)

**COLEMAN v. BIRMINGHAM FERTILIZER CO. et al. (8 Div. 411.)**

(Supreme Court of Alabama. June 22, 1922. Rehearing Denied Oct. 12, 1922.)

1. Judgment ⬅️713(2), 728—Conclusive as to matters litigated and those that might have been litigated; not conclusive as to incidental matters.

The rights of the parties to the suit are affected as to matters actually presented by the pleadings and litigated therein, and also all material matters or defenses which might have been litigated, and not conclusive as to matters incidentally brought into the controversy.

2. Homestead ⬅️205 — Time for presenting claim, one who permits his homestead to be sold without asserting his exemptions waives his right.

A claim of homestead exemption may be asserted any time prior to a sale of the property by a petition presented in the cause in which the order of sale was granted, and a separate bill to enjoin a sale is not a petition presented in the cause in which the order of sale was granted, hence where one entitled to homestead exemption knowingly permits his property to be sold without interposing his claim thereto, he waives his right and cannot afterwards complain.

On Rehearing.

3. Injunction ⬅️175—That no note of submission to dissolve an injunction was made does not necessitate setting aside decree of dissolution.

On the submission to dissolve an injunction on the ground that the bill is without equity, the fact that no note of submission was made by the register pursuant to chancery rule 75 (Code 1907, vol. 2, p. 1551), does not necessitate the granting of a motion for rehearing, as the rule excludes the idea that it was required to make note of the pleadings to be considered.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by W. M. Coleman against the Birmingham Fertilizer Company and J. F. Hooper to set aside a former decree, to enjoin its execution, for an accounting, and redemption. From a decree dissolving injunction, the complainant appeals. Affirmed.

Paragraph 3 of the bill reads:

"That said proceedings in said cause above referred to are hereby made a part of this bill of complaint and asked to be taken and considered along with this bill."

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

The right to claim homestead exemption is not waived by failure to assert it until after a decree, but can be claimed at any time before sale. 107 Ala. 170, 18 South. 396, 36 L. R. A. 308; 205 Ala. 274, 87 South. 843; 202 Ala. 269, 80 South. 107; 99 Ala. 411, 13 South. 80; 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241; 127 Ala. 221, 28 South. 565; 14 Ala. App. 484, 71 South. 66. Where no other remedy is given, equity will protect the homestead. 119 Ala. 243, 24 South. 547, 72 Am. St. Rep. 910. Rule 75 of Chancery Practice is mandatory, and any evidence not noted cannot be considered. 124 Ala. 347, 26 South. 900; 85 Ala. 474, 5 South. 305.

Street & Bradford, of Guntersville, for appellees.

If the lands in question were appellant's homestead he had the right to present that as a defense to the original suit. 21 Cyc. 619; 83 Ala. 215, 3 South. 527; 66 Ala. 51; 81 Iowa, 319, 46 N. W. 1057, 10 L. R. A. 360, 25 Am. St. Rep. 492; 24 Tex. 17, 76 Am. Dec. 89; 13 Tex. 68, 62 Am. Dec. 546.

THOMAS, J. The instant bill was to set aside a decree of the circuit court in equity, and its filing date was October 10, 1921. The bill eventuating in the decree now sought to be set aside was filed by the Birmingham Fertilizer Company against W. M. Coleman and others on September 10, 1920, personal service being perfected on the respondent (complainant in the instant bill), and a decree

pro confesso was duly entered against him on October 18th thereafter. After submission for final decree, the same was rendered November 3, 1920, ascertaining the amount due on the mortgage debt, and allowing redemption to the complainant (judgment creditor) from the Hooper mortgage. The purpose of the former bill was to enforce the lien of a registered judgment, by complainant in the former bill and respondent here, against the instant complainant, which judgment was recovered on January 24, 1918, and perfected as a lien against the land of the judgment debtor, subject to a mortgage to one Hooper, or the transferee thereof, and for redemption by the judgment creditor.

The present bill is for injunction and redemption by W. M. Coleman against the Birmingham Fertilizer Company, judgment creditor, and J. F. Hooper, the mortgagee. No irregularity in said former proceeding nor fraud or imposition on the part of appellee is averred to have intervened or infected that decree. Complainant offers no sufficient excuse why, as respondent in the former suit, he did not or was not permitted to set up and establish his right in the premises to the lands in question, and which he now attempts to assert by this suit. The only grounds set forth in the present bill for disturbing the original decree are that the lands described in the bill are the homestead of complainant, that he was not fully acquainted with his right of homestead or the assertion thereof (Code, § 4174), and that the sum due on the Hooper mortgage is much less than that ascertained by the court to be due on former decree.

[1] The general rule of res judicata is that the rights of the parties, to the former suit are affected as to matters actually presented by the pleading and there litigated between the parties, and also all material matters or defenses which might have been litigated in that suit by and between the parties, and not conclusive as to matters incidentally brought into the controversy. Schillinger v. Leary, 201 Ala. 256, 77 South. 846; Terrell v. Nelson, 199 Ala. 436, 74 South. 929; Hall & Farley v. Alabama, etc., Co., 173 Ala. 398, 56 South. 235; Crausby v. Crausby, 164 Ala. 471, 51 South. 529; Thompson v. Johnson, 201 Ala. 315, 78 South. 91; Chamberlain v. Gaillard, 26 Ala. 504.

[2] In Cross v. Bank of Ensley, 205 Ala. 274, 276, 87 South. 843, the parties had previously litigated the question of the exercise of the equity of redemption as to certain mortgages executed to one Martin and transferred to the bank, and the validity of these mortgages was attacked, cross-bill filed, and the question of the indebtedness ascertained; and the final decree was in favor of cross-complainants and the foreclosure of the mortgaged premises averred. On appeal to this court, the decree was affirmed. Cross v. Bank of Ensley, 203 Ala. 561, 84 South. 267. The fact that defendant had made no claim of homestead was adverted to on first appeal. A subsequent bill was filed referring to former litigation setting up further matters of equitable cognizance, including the right of homestead exemption in the lands. Discussing the authorities to the effect that the claim of homestead exemption may be interposed at any time before a sale of the property and of the former conflict in authorities, the question was settled in Kennedy v. First National Bank, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308. The court said, after examination of the majority opinion in the Kennedy Case, that this question was settled by that decision to the effect that in a case of this character the claim of homestead exemption may be asserted any time prior to the sale of the property: that a complainant should present his petition for homestead exemption in the cause considered by the court, in which the order of sale was granted, and assert his right thereto; that there is no occasion "for the assertion of this homestead right by a separate bill, as seems to be attempted" in the Cross Case. The method by which such right may be asserted in the prior cause suggested in Cross v. Bank of Ensley, supra, was, as we have indicated, by "petition" presented in the cause "in which the order of sale was granted." If, however, one entitled to homestead exemption knowingly permit his property to be seized and sold without interposing his claim thereto, he will be held to have waived his right to claim and would not be heard afterwards to complain. Clark v. Spencer, 75 Ala. 49; Autauga Bank. & Trust Co. v. Chambliss, 200 Ala. 87, 89, 75 South. 463; Lewis v. Lewis, 201 Ala. 112, 77 South. 406.

The attempt of complainant to make this proceeding a part of the former proceeding is by the averments of paragraph 3 of this bill. This original bill, No. 1527, is not a supplemental bill to the former original suit, No. 1471, in the same court. Sims Ch. Pr. § 611 et seq. The necessary parties before the court and the subject-matter of the two suits are the same, and the two suits are pending in the circuit court, in equity, of Marshall county. They are, however, independent suits, and the latter is not a petition to the court in the former for the allowance of claim of homestead exemptions. It has for its purpose a larger result—the examination of the mutual accounts of mortgagor and mortgagee.

It would follow from the foregoing that the decree of the court below dissolving injunction was not laid in error, since appellant has not shown a proper intervention by petition in the former cause, and a necessity to preserve the status quo of the title to the property pending a determination of peti-

tioner's right to homestead exemption in the lands.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

#### On Rehearing.

THOMAS, J. [3] Upon the submission to dissolve the injunction, on grounds "that there was no equity in the bill," the fact that no note of submission was made by the register pursuant to rule 75 of chancery court, page 1551 of Code 1907, does not necessitate the granting of the motion for rehearing. The rule excludes the idea that it was required to make a note of the pleadings to be considered. Sellers v. Farmer, 147 Ala. 446, 41 South. 291.

Rehearing overruled.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.