CONNER v. STATE ex rel. PERRY, Deputy
Solicitor.   (6 Div. 243.)

(Supreme Court of Alabama.   Jan. 15, 1925.)

1. Clerks of courts ⬦⟲5—Decree not invalid
for want of authority of acting register not
duly appointed.

Under Code 1923, § 2583, and in view of
fact that officer whose authority is challenged
is not party to suit, decree of circuit court is
valid, though acting register, who issued pro-
cess, noted testimony, approved security for
costs, and certified to transcript, was not duly
appointed.

2. Equity ⬦⟲427(I)—Decree not erroneous
for misstatement of pleadings in note of tes-
timony.

Where note of testimony recites submis-
sion of cause on original complaint seeking
condemnation of property for illegal manu-
facture of liquor, but record shows submission
on amended complaint, decree following
amended complaint is not erroneous, since in
view of Code 1923, p. 930, rule 75 of chan-
cery court, office of note of testimony is not
to show pleadings.

3. Intoxicating liquors ⬦⟲252—Decree con-
demning property used for manufacture suf-
ficient.

Decree condemning property on ground of
use for making whisky held sufficient when con-
strued with pleadings.

4. Equity ⬦⟲356—Purpose of statute requir-
ing copying, certifying, and filing of oral
testimony in open court held served.

Though Code 1923, § 6575, requiring that
testimony of witnesses examined orally in open
court in equity suits shall be copied, certified,
and filed, was not followed, purpose of statute
was served where bill of exceptions taken by
defendant as in trial at law purported to con-
tain all of evidence, same being testimony
noted by register.

Appeal from Circuit Court, Jefferson Coun-
ty; J. C. B. Gwin, Judge.

Bill in equity by the state of Alabama on
the relation of Ben G. Perry, as Deputy
solicitor of the Bessemer division of the Cir-
cuit Court of Jefferson county, against F. H.
Conner, for condemnation of a house and lot,
upon which premises a distillery was being
operated or permitted to be operated. From
a decree of condemnation, respondent ap-
peals. Affirmed.

The decree is as follows:

"This cause is submitted on pleadings and
testimony, as noted by clerk and register,
which showed that a still was in full operation,
and that F. H. Conner and wife were the only
persons present in a 5-room cement block cot-
tage located on lot 1, block 844, according to
the map and plat of the Bessemer Land & Im-
provement Company's survey of the city of
Bessemer, as recorded in the office of the
probate judge of Jefferson county, Ala.; and

that F. H. Conner told arresting officers that
lot 1 aforesaid was his property at that time.

"It is ordered and decreed that lot 1 afore-
said was being used for the illegal purpose of
making prohibited whisky by F. H. Conner.
It is further decreed that said lot be sold
as provided by law, together with the house
and all appurtenances, account of its illegal
use for making whisky; and that the proceeds
be distributed as by law provided."

Benton & Bently, of Bessemer, for appel-
lant.

Demurrer to the bill and summons should
have been sustained, no proper summons hav-
ing been issued by one with authority.
Const. 1901, § 163; Code 1923, § 6503; Lo-
cal Acts Jefferson Co. § 5, p. 117. It was er-
ror to render decree without note of testi-
mony. Chancery rule 75; Conner v. State,
211 Ala. 325, 100 So. 474. The decree is void.
Acts 1915, p. 705.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach Reporter.

SAYRE, J.   [1] Appellant's objections to
the decree rendered in this cause after its
remandment to the trial court on a former
appeal (Conner v. State, 211 Ala. 325, 100 So.
474) are, for the most part, based upon his
contention that E. C. Himes, who issued pro-
cess purporting to bring him into court, not-
ed the testimony, approved the security for
costs, issued the citation of appeal, and cer-
tifies to the transcript of the record as depu-
ty clerk and register of the Bessemer divi-
sion of the circuit court of Jefferson, had
and has no authority in the premises, for the
reason that he has not been appointed by
the judge of that court to the office which
he is assuming to fill. But it appears that
said Himes is in possession and discharging
the duties of the office of register for the
Bessemer division of the circuit court with
the approval of the judge, and under circum-
stances indicating the acquiescence of the
public, and is at least de facto register of
said court. We do not find that he has an
appointment as register for the Bessemer
division of the circuit court, but he is eligi-
ble to such appointment under section 165
of the Constitution, and, at any rate, his
right to discharge the duties of the office
cannot be questioned in any cause to which
he is not a party. 10 Mich. Dig. p. 698, § 17;
29 Cyc. 1389; Code 1923, § 2583.

[2] The note of testimony recites a sub-
mission upon the original bill of complaint,
answer, and the depositions of witnesses
named. But in fact the record shows that
the original bill had been amended to cure
a misdescription of the property sought to be
condemned. Upon this state of the record,
appellant insists that the decree condemning
the property by its description in the amend-

ed bill was error. It is customary, and not improper when correctly done, to note the pleadings in the note of submission; but such notation is wholly unnecessary, for the court looks to the record for the pleadings, the only necessary office of the register's note of submission being to specify the evidence upon which the cause is submitted. Rule 75 of the chancery court, p. 930 of the Code.

[3] The decree is not in the best shape, but when construed with reference to the pleadings, as it must be, it sufficiently shows that the property described in the amended bill as the property of defendant is condemned on the ground that it had been used in violation of the statute. Of course only the interest, right, and title of the defendant named in the bill could be condemned, and that the decree does. It could do no more.

[4] Section 6575 of the Code of 1923 (Act Sept. 22, 1915, p. 705) requires that, when witnesses are examined orally in open court, as was done in this case, the testimony shall be taken down as delivered and transcribed, certified and filed in the cause, and in such case, as well as when the testimony is taken by depositions, a note of it is necessary. Crews v. State, 206 Ala. 101, 89 So. 205, and cases there cited. The statute was not followed in this case, but the transcript shows a bill of exceptions taken by appellant as in the case of a trial at law, and purporting to contain all the evidence, the same being the testimony noted by the register. This was irregular, but the transcript of the record in its present shape suffices to show the evidence upon which the court based its decree, and the purpose of the statute has been served.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.