153 So. 528

### JOHNSTON v. JOHNSTON.
### 1 Div. 816.

Supreme Court of Alabama.
Dec. 20, 1934.

Rehearing Denied Jan. 24, 1935.

D. R. Coley, Jr., of Mobile, for appellee.

Wm. V. McDermott, of Mobile, for appellant.

⚖For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

BOULDIN, Justice.

Appellee filed her bill against appellant for divorce on the ground of voluntary abandonment, praying, also, to be decreed the custody of the four children of the marriage.

From a decree granting the relief prayed, respondent appeals.

Appellant insists the decree should be reversed for want of a sufficient note of testimony as required by Chancery Rule 75.

The cause was heard on oral testimony of witnesses heard by the trial judge.

The record recites:

"Note of Evidence

"At the hearing of this cause the following note of evidence was taken to-wit:

"For Complainant

"Original bill

"Court reporter's transcript of evidence taken orally in open court

"For Respondent

"Answer and cross bill

"Attest: James A. Crane, Register."

Then follows: "Transcript of testimony given orally, in open court, before The Honorable J. Blocker Thornton, Judge, on the 19th day of January, 1933."

The testimony of the several witnesses, naming them, is then set out.

At the "End of Testimony" appears: "Filed March 17, 1934. James A. Crane, Register."

The decree was rendered February 27, 1933.

We need merely reassert the long-settled proposition that rule 75 is mandatory and prohibitive. Reese v. Barker, 85 Ala. 474, 5 So. 305; Mullen v. First Nat. Bank of Montgomery, 226 Ala. 305, 146 So. 802; Potts v. Court of Commissioners of Conecuh County et al., 203 Ala. 300, 82 So. 550.

When the record shows no note of testimony, a decree granting relief in favor of complainant carrying the burden of proof, as in divorce cases, must be reversed. Reese v. Barker, supra; Brassell v. Brassell, 205 Ala. 201, 87 So. 347.

It must now be regarded as settled that rule 75 has application to causes heard on oral testimony under Code, § 6574 et seq; Lunday et al. v. Jones et al., 204 Ala. 326, 85 So. 411; Crews et al. v. State ex rel. Patterson, Solicitor, 206 Ala. 101, 89 So. 205.

In considering whether the note of testimony before us is a sufficient compliance with the rule in cases heard on oral testimony, and in view of the frequency with which the question has recurred in varying forms, we deem it proper to further consider the purpose of the rule and the extent of its application to such cases.

The pertinent portion of rule 75 reads: "On the hearing of a cause, the court can dispense with the reading of the pleadings and proofs; and in that case, the complainant's counsel must state the case made by the bill, and the defendant's counsel the defense made by answer. The complainant's counsel must then offer his testimony in chief, naming the witnesses and other testimony, of which the register must take a note; and then that of the defendant must be offered, and noted by the register; to which the complainant, in like manner, must offer his rebutting testimony. Any testimony not offered in this way, and noted by the register on the minutes, must not be considered as any part of the record, nor to be considered by the chancellor." Code of 1928, pp. 1948–1949, rule 75.

This rule was adopted in 1854, and comes down without change to this date. 24 Ala. page xv, rule 71.

"The effect of the rule is by reference in the note of testimony to make a record of the evidence in substitution for that afforded by the ancient practice of the chancellors of reciting in their decrees at length the entire pleadings in the cause and the substance of the evidence contained in the depositions. Fletcher's Eq. Pl. & Pr. § 718. It serves the purpose besides of bringing to the chancellor's attention the evidence upon which the parties rely, and upon appeal to give this court indubitable information as to the evidence taken into consideration by the chancellor in arriving at the conclusion stated in his decree." Turner v. Turner, 193 Ala. 424, 431, 432, 69 So. 503, 506; Carson et al. v. Sleigh, 201 Ala. 373, 78 So. 229.

A primary purpose of the rule, as applied to cases where evidence is taken by deposition, is to make such testimony a part of

the record, defining by note of testimony what shall be included in the record to be considered by the chancellor, and included in the transcript on appeal. This is manifest from the rule itself. Accordingly, it is the settled construction that the pleadings, already a part of the record, need not be included in the note of testimony. Sellers v. Farmer, 147 Ala. 446, 41 So. 291; Coleman v. Birmingham Fertilizer Co. et al., 208 Ala. 160, 93 So. 904; Conner v. State ex rel. Perry, Deputy Solicitor, 212 Ala. 360, 102 So. 809.

■ Our statute providing for hearings on oral testimony, enacted long since the rule in question, is to be given effect according to its manifest intent, and the rule made applicable so far as consistent with such intent.

Such oral testimony is received for consideration by the court as it comes from the mouths of the witnesses. Their names, personal appearance, demeanor on the stand, intelligence, and bias are all matters incident to, or, it may be said, a part of, the evidence received, and held in the breast of the judge.

Neither the shorthand notes of the court reporter, nor the transcript of same to be made later, constitutes the testimony. So far as the chancellor is concerned, the transcript is a complete memorandum of the testimony which he may use to refresh his memory. But he is not required to await making and filing of a transcript before rendering his decree.

■ "A part of the record," within the meaning of rule 75, means part of the documents on file, made part of the record by the note of testimony. As applied to hearings on oral testimony, the transcript of such testimony is the document which is to be noted and become a part of the record.

Following the letter of the rule, it would forbid the consideration of the testimony, fresh in the mind of the judge, until such transcript was filed and noted. But, as stated, hearings on oral testimony are not thus hindered and hampered.

The note of testimony in such case is not, therefore, to present such evidence to the chancellor, but, as to him, serves to make a record memorial of the fact that he heard the case on oral testimony. In some cases both written and oral evidence is presented. The note of testimony discloses such state of the record.

■ A note of testimony, consisting in whole or in part of the transcript of oral testimony, is primarily for the purpose of fixing at the time of the hearing the matter of record for purposes of an appeal. Ex parte Wright, 226 Ala. 206, 146 So. 533. For that purpose the transcript, when made and filed, becomes a record, much as a bill of exceptions at law becomes a record.

■ In view of these purposes, the only substantial objection to the note of testimony before us is a failure to list the names of witnesses in the note of testimony.

Noting their names is primarily for identification of the depositions offered under the practice formerly obtaining, and still in vogue unless the hearing is upon oral testimony.

Since the rule, as applied to these latter cases, is primarily directed to a proper record on appeal, we are impressed that the transcript of oral testimony being one document fully identified by the note of testimony, the names of all witnesses appearing in order therein, such note of testimony accomplishes all the purposes of rule 75 and is sufficient. Conner v. State ex rel. Perry, Deputy Solicitor, 212 Ala. 360, 102 So. 809.

■ The evidence clearly discloses the complainant has been a bona fide resident of this state for more than three years next before the filing of her bill. We need not review the numerous items of evidence to that effect.

The substantial issue, presented on conflicting evidence, is whether the husband voluntarily abandoned the wife for more than two years next before the filing of the bill.

The evidence has been carefully considered. A review and discussion of same could serve no good purpose. We cannot say the trial judge erred in his conclusion, even without the presumption which must be indulged where the witnesses were seen and heard on oral examination.

In awarding to the mother the custody of the four children, the oldest eleven, and the youngest three years of age, decreeing the father the right to see them and take them out once a week, Judge Thornton concurred with and followed a decision by Judge Goldsby on a former hearing of a like issue.

It is just to say no question of good character, moral fitness to associate with and care for these children is raised against either party. Both are of good families, and these children, deprived of the united care and rearing of father and mother, suffer loss from the separation of parents.

Any detailed discussion of the evidence on this question could not better relations be-

tween these parents, maybe work harm to the future of these children. We are impressed the ruling of the trial judge was right; was to their best interest.

We are not persuaded there was error in requiring the father to keep up his payments of $25 per month, as a condition to his seeing them and having temporary custody once a week. This is not to be construed as a bartering of justice, but rather a holding that to this extent the father must perform the duty to support his children, if he expects the pleasure of their companionship. The court holds out an inducement to perform a father's duty. Since the court retains full control over this matter, so as to suit orders to conditions that may arise, the decree will not be disturbed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.