9 So.2d 1

**COX v. DUNN et al.**

3 Div. 371.

Supreme Court of Alabama.

May 28, 1942.

Rehearing Denied June 30, 1942.

Thos. S. Lawson, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for appellees.

Jack Crenshaw and Walter J. Knabe, both of Montgomery, for appellant.

**BROWN, Justice.**

The bill is by the appellant seeking a declaratory decree against appellee Dunn as "director" of the State Department of Public Welfare, and against Heck as comptroller. The case was submitted on bill and answer, the complainant filing a "note of testimony" reciting that he submitted on the "original bill" and the defendants likewise made note that they submitted on "answer to bill". The order of submission recites: "This cause coming on to be heard is submitted for final decree upon pleadings and proof as noted by the Register."

The appellee insists that this submission contravenes Equity Rules 58 and 71, and that the appeal should be dismissed for want of jurisdiction in the court to render the decree, or reversed for irregularity in the submission.

Rule 58 is: "Except in causes seeking injunctions, receivers, or other extraordinary relief requiring the bill or petition to be verified by oath, submission on bill and answer, without testimony, is abolished unless by agreement of all parties other than those against which decrees pro confesso have been lawfully taken."

And Rule 71 provides: "Orders and decrees by consent can be made only in open court, or upon written agreement signed by the parties or, in proper cases, by their attorneys of record." Code of 1940, Title 7, Appendix pp. 1096 and 1104.

We construe the order of submission in the light of the recitals of the "notes of testimony" as being on bill and answer

entered in open court by consent of the parties. It was so construed by the trial court, and when so construed no irregularity appears.

The rule requiring testimony to be noted, now Equity Rule 57, as has been consistently held, "excludes the idea that it is necessary to make a note of the pleadings at all. The pleadings are a part of the record, and the court may refer to the record, and any part of it, without any note being made of it." Sellers v. Farmer, 147 Ala. 446, 41 So. 291, 292; Coleman v. Birmingham Fertilizer Co. et al., 208 Ala. 160, 93 So. 904; Conner v. State ex rel. Perry, Deputy Solicitor, 212 Ala. 360, 102 So. 809; Johnston v. Johnston, 229 Ala. 592, 158 So. 528; Dillard v. Gill, 231 Ala. 662, 166 So. 430.

The mere inclusion in the note of testimony made by a party of his own pleading does not make the statements in such pleadings evidence. Speakman v. Vest et al., 154 Ala. 412, 45 So. 667. If, however, the complainant includes in his note of testimony admission in the answer, the defendant may offer the whole of the answer by noting the same in his note of testimony, to be considered as explaining or shedding light on such admission. Crawford v. Kirksey et al., 50 Ala. 590; Leeth Nat. Bank v. Elrod et al., 233 Ala. 340, 172 So. 104.

And a party may make the allegations in his adversary's pleadings evidence by incorporating the same in his note of testimony. Scott, Adm'x, v. Brassell, 132 Ala. 660, 32 So. 694.

Under the rule of practice in chancery prior to the Code of 1852, when the complainant had the case submitted on bill and answer, and only the complainant could force such submission, (21 C.J. 578, § 710; 30 C.J.S., Equity, § 482), in considering the rights and equities of the parties, the allegations of the answer, whether responsive to the allegations of the bill or not, were taken as true, and if the allegations of the answer negatived the right of the complainant to relief, because of the denials or matters of affirmative defense, the bill was due to be dismissed. White's Heirs v. President, etc., of Florence Bridge Co., 4 Ala. 464.

This was also the practice of the English Courts of Chancery. Sims on Chancery Practice, §§ 515, 516, pp. 345, 346; 1 Daniell's Chancery Practice, 6th Ed., pp. 823 835, *829, *841.

180

We reproduce here, for reasons stated below, the statement of the rule by Mr. Daniell:

"A cause is now, however, rarely heard on bill and answer. *The only advantage in doing so, instead of hearing it on motion for decree, is, that the month's notice is thereby saved; but, on the other hand, where a cause is heard upon bill and answer, the answer must be admitted to be true in all points, and no other evidence will be admitted, unless it be matter of record to which the answer refers, and which is provable by the record itself, or documents proved as exhibits at the hearing. It therefore behooves the plaintiff to look attentively into the answer; and if he finds that the effect of the defendant's admissions is avoided by any new matter there introduced, he should serve notice of motion for a decree, or reply to the answer, and proceed to establish his case by proofs. If the plaintiff decides upon having the cause heard upon bill and answer against one or all of the defendants, he must proceed in the manner hereafter pointed out. * * *

"With respect to what will be considered as such an admission by an answer as will dispense with the necessity of other proof, it may be stated, that, besides those expressions which in words admit the fact alleged to be true, a statement by the defendant that 'he believes,' or that he has been 'informed and believes,' that such fact is true, will be sufficient, unless such statement is coupled by some clause to prevent its being considered as an admission. (a) A mere statement, however, in an answer, that a defendant has been informed that a fact is as stated, without an answer as to his belief concerning it, will not be such an admission as can be read as evidence of the fact. Such an answer is, in effect, insufficient; and if the plaintiff, upon reading the pleadings, finds such a statement as to a fact with respect to which it is important to have the defendant's belief, he should except to the answer for insufficiency."

The purpose and effect of § 2902 of the Code of 1852 was to abolish, what is referred to in the case of White's Heirs, supra, as "the fourteenth of the later rules," as published in 2 Ala. 12, and substitute the rule of the statute which provided: "When the case is heard on bill and answer without testimony, the answer must be taken to be true, so far as it is responsive to the allegations of the bill, except in those cases where the complainant has waived the oath of the defendant to the answer." Code 1852, § 2902.

This statute has remained in force and has been brought down through the several Codes adopted since that date, and became § 6548 of the Code of 1923.

■ Said Section 6548, was not carried forward into the Code of 1940, but instead Equity Rule 58, which is in the following words:

"Rule 58.
"(1923 Code 6548 changed.)

"Submission on Bill and Answer, When Allowable. Except in causes seeking injunctions, receivers, or other extraordinary relief requiring the bill or petition to be verified by oath, submission on bill and answer, without testimony, is abolished unless by agreement of all parties other than those against which decrees pro confesso have been lawfully taken." Code of 1940, Title 7, Appendix, p. 1096.

Along with said § 2902 of the Code of 1852, "The Rules for the Regulation of the Practice in Chancery, adopted by the Supreme Court of Alabama at the June Term 1842," among others "Rule 51," providing: "The rule of the English court of chancery, not inconsistent with the statutes of this state, and the rules and decisions of this court, so far as consistent with the institutions of this country, are hereby adopted as rules of practice in courts of chancery in this state." Code of 1852, Appendix p. 725.

This rule has also come down through the several Codes, and was numbered 7, in the Codes of 1923, 1907, 1896, 1886, 1876 and 1867. It was revised, and combined with "Old Rule 102," Code of 1923, in the New Equity Rule 118, Code of 1940, Title 7, Appendix p. 1125. So far as now pertinent it is that: "In cases not covered by these rules, nor by decisions of the Supreme Court of Alabama, nor by statute, the practice in effect in the English Courts of Chancery prior to Judicature Act of 1873 (but not afterward) may be followed, so far as it can reasonably be applied, as furnishing analogies rather than positive rules."

The failure to bring forward and include § 6548 of the Code of 1923, in the present Code, repealed said section and rendered inept the decisions of this court applying the same. Code of 1940, Title 1, § 9.

■ The repeal of said section 6548, and the adoption of Equity Rule 118, and

the re-adoption of § 14, Code of 1923, in the Code of 1940, Title 1, § 3, made applicable, to submissions on bill and answer, the rules of the English Courts of Chancery, as they existed prior to the Judicature Act of 1873, as stated in 1 Daniell Ch.Pr., 6th Ed., *pages 829 and 835, supra. Such rules are part of the common law of this state. Code of 1940, Title 1, § 3; Goodman v. Carroll, 205 Ala. 305, 87 So. 368.

Applying the rule as stated by Daniell Ch.Pr. supra, taking as true the allegations of the answer in all parts, it appears that the complainant, appellant here, was not able to furnish proof of his right to be placed on the pension rolls until the hearing of his application filed in 1935, and that his application was then granted by the Pension Commission and his name entered on the roll.

This finally disposed of that matter, and the authority and jurisdiction of the commission in respect to it, and the mere fact that the commission's attention, seven years later, was called to "the fact and matter" that no order was made in respect to the years 1928 and 1935, could not and did not authorize the grant of a pension for said years. The right to a pension is purely statutory and does not arise until an application and proof is made as the statute requires. Code of 1940, Title 60, § 14; Alabama Pension Commission et al. v. Morris, 242 Ala. 110, 4 So.2d 896; Helms v. Alabama Pension Commission et al., 231 Ala. 183, 163 So. 807.

The "full control and supervision of all *pensions allowed*" and "full authority to do and perform any and all acts whatsoever as are *necessary to the full execution of this chapter,*" conferred by Code of 1940, Title 60, § 1, is conferred, in respect to determining who and what pensions are allowed and allowable, to the provisions of said chapter, requiring application and proof of service, and a permanent pension roll as evidence of the rights of such pension. [Italics supplied.]

The only provisions found in the statute relating to "back pay" are embodied in §§ 25 and 26, of Title 60 of the Code of 1940. These statutes originated in the act of 1919, entitled: "An act to provide pensions for soldiers and sailors in the service of the State of Alabama, and for their widows, and for soldiers and sailors in the Army or Navy of the Confederate States of America, and for their widows and for the regulation of the payment thereof and to constitute and appoint a Pension Commission for the State of Alabama and prescribe its powers and duties." Approved September 23, 1919, Acts 1919, pp. 535–544.

Sections 24 and 32 of said act provide:

"Whenever it is made to appear to the Probate Judge that the name of a pensioner has through any error or omission or inadvertence after the passage of this Act been dropped from or left off the list of pensioners he shall certify such fact and the length of time omitted or dropped and the amount due such pensioner, to the State Pension Commission and if it is satisfactorily shown that such pensioner is justly entitled to·be restored, the pension commission shall order and the auditor shall issue his warrant for the amount shown to be due said warrant to be delivered to the pensioner as other warrants are delivered."

"No applicant who has been purposely stricken from the pension roll shall be entitled to any back pay for the time his or her name was stricken from the roll, and no back pay shall in any case, be granted except to those making application, as set forth in this Act."

Under the provisions of said act, it was incumbent on the person claiming such pension to make application therefor and procure his or her name to be entered on the pension roll. See §§ 4, 5, 6, 7, 8, 9, 10 and 11. Acts 1919, pp. 536, 537 and 538.

Section 19 of the act required that the Probate Judge shall thirty days before the end of each quarter revise the pension roll of their respective counties and make recommendations for dropping the names of deceased pensioners and the name of any pensioner whose name stands on the roll is in anyway illegally drawing a pension; and that no person shall be entitled to the allowance during the time his name is off the roll.

Interpreting said sections 24 and 32, in the light of the other provisions of said act, it is clear that said sections provide for back pay only to pensioners whose names through error, omission or advertence have been dropped from or left off the list or roll, and does not authorize the granting of back pay to a pensioner whose name has never been on the pension roll

or list. There could be no "accumulated pension" until the pensioner's name was lawfully put on the pension roll.

The decree of the circuit court, in equity sitting, declaring the purported order of the Pension Commission void for lack of jurisdiction is in accord with our views, and it is due to be affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, FOSTER, and LIVINGSTON, JJ., concur.