69 So.2d 870

**ANDREWS v. SULLIVAN.**

**I Div. 567.**

Supreme Court of Alabama.

Jan. 21, 1954.

292

Scott & Porter, Chatom, for appellant.

Grady W. Hurst, Jr., Chatom, for appellee.

MERRILL, Justice.

The appellant Golee Andrews was formerly married to Lucy Andrews Sullivan, the appellee. They had one child, Jerry Lee Andrews. The appellee sued for a divorce and the decree, dated August 10, 1948, gave her the custody of their son and Mr. Andrews was directed to pay $25 per month for the support and maintenance of Jerry Lee, now six years old. In November 1952 the appellee, who had subsequently married Mr. Sullivan, petitioned the court to hold Golee in contempt because he had only paid $323 since the divorce decree had been signed.

The appellant answered by saying that he had paid the $25 per month until about two years ago, but that on one occasion he, with his mother and two others, went

to the home of the appellee and her husband for the purpose of visiting the child and the stepfather, Mr. Sullivan, told appellant "not to come back there any more and not to be caught on his place," and that under those circumstances, he had not paid any more. He also made his answer a cross-bill, alleging that Mr. Sullivan was not a fit and proper person to be and act as a stepfather to Jerry Lee and that he had committed actual cruelty upon the person of the child and that his (appellant's) mother was a fit and proper person to have the child and that the child would be better off in the home of his paternal grandmother.

A hearing was had and the court found that the respondent had not shown any sufficient reason for his failure to make the payments and that the balance due at that time was $323. The court further decreed that the respondent was not entitled to have the custody of the child at that time, because of his failure to make the payments ordered under the original decree of divorce. This later decree was issued February 2, 1953. On February 12th the appellant filed a petition setting up that he had borrowed enough money to pay the $323, plus the court costs, and he once again asked that the custody of the minor be awarded to his mother, Mrs. Andrews.

The complainant on February 17th applied for a rehearing, alleging that the court had made a mistake in decreeing that only $323 was the balance due, but that that sum was in fact the amount that had been paid by appellant and that actually the amount due would be the sum of $977. The cause was set down for hearing on the 5th day of March and the court, after hearing the witnesses, entered another decree in which it was stated that the appellant was due the appellee the sum of $977 on February 4, 1953, and that the respondent was not entitled to the custody of the child. The appeal is from the last decree dated June 15, 1953.

■ Appellee has a cross assignment of error to one feature of the court's decree, but it will not be considered because her brief in support of the cross assignment was not filed when the cause was submitted. Supreme Court Rules 3 as amended (last clause), 11 (third sentence) and 13 as amended (first sentence), Title 7, Code of 1940 (Appendix).

Appellant complains of the following paragraph in the decree: "It is further ordered, adjudged and decreed by the court that the respondent is not entitled to have custody of the child at this time because of his failure to make payments ordered under the decree of divorce dated August 10, 1948."

■ The fact that the father, respondent, is in contempt for his failure to make payments directed by the court is not controlling in the matter of the custody of the child, although we have held in certain circumstances that the trial court is justified in requiring the father to keep up his payments of $25 per month, as a condition to his seeing his children and having custody of them once a week. Johnston v. Johnston, 229 Ala. 592[9], 158 So. 528[9].

■ The rule in custody cases is well stated in Armstrong v. Green, ante, p. 39, 68 So.2d 834, 837, as follows:

"Our decisions make it abundantly clear that the paramount question is the best interest and welfare of the child. We consider it to be undeniable that where the custody of a child is before the court, the court may grant custody to the mother or father or to a third party, depending entirely on the best interest and welfare of the child. (Citing cases.)" In that case the custody of the child was ordered changed from the mother to the paternal grandmother, even though the father was in contempt, but his payment of the accrued installments was conditioned upon the delivery of the child to the father's mother, the child then being outside the State of Alabama.

■ It is also well settled that the burden of showing changed conditions or other substantial reasons for awarding custody of a child to another, subsequent to the rendition of the divorce decree, is on the

294

party seeking a change in custody. Sparks v. Sparks, 249 Ala. 352, 31 So.2d 313; Wheeler v. Kelley, 255 Ala. 614, 52 So.2d 700. The appellant failed to carry this burden and our holding would be the same here even without the presumption which must be indulged in where the witnesses were seen and heard by the trial court on oral examination. Johnston v. Johnston, supra.

The effect of the evidence was that the father, Mr. Andrews, was a seaman and sailed as often as he could get a ship; that his mother was 64 years of age and not in good health, but willing to take care of the child for her son; that the mother, Mrs. Sullivan, was a fit person of good character to have the custody of the child, but her present husband, Mr. Sullivan, was very unpopular with the Andrews family and he is the person about whom all objections are registered. The charge of cruelty on the part of Mr. Sullivan toward the child was not satisfactorily substantiated.

█ Tested by the applicable rules of law, the appellant wholly failed to present a case under the evidence which justified the taking of the custody of the child from his mother. Fort v. Fort, 246 Ala. 83, 18 So.2d 870.

██ The case is not due to be reversed because of the reason given by the trial court for denying appellant's petition. As we said in Cherokee County v. Cunningham, Ala., 68 So.2d 507, 509,[1] "If the decree correctly determined the equities of the case, the reasons upon which the trial court proceeded are unimportant and the case will be affirmed. * * * A correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor."

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.