82 So.2d 261

**DORSEY TRAILERS, Inc.,**

v.

**Wheeler G. WEAVER.**

**4 Div. 818.**

Supreme Court of Alabama.

Aug. 18, 1955.

J. C. Fleming and Robt. E. Cannon, Elba, for appellant.

C. L. Rowe, Elba, for appellee.

STAKELY, Justice.

Compensation is sought under the Workmen's Compensation Act, § 253 et seq., Title 26, Code of 1940, for injuries suffered by Wheeler G. Weaver (appellee), an employee in the trailer plant in Elba, Alabama, of Dorsey Trailers, Inc. (appellant). After hearing the evidence the court in awarding compensation found that the employee was injured in an accident arising out of and in the course of his employment. The first question for decision is whether the appellee was injured in an accident arising out of

and in the course of his employment within the meaning of the Workmen's Compensation Act.

██ In order to determine the matter here under discussion we will not weigh the evidence and if on any reasonable view of the evidence, the conclusion of the trial court is supported, then the finding and judgment of the trial court will not be disturbed. Malbis Bakery Co. v. Collins, 245 Ala. 84, 15 So.2d 705; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46. But this does not mean that we will not review the legal conclusion of the court drawn from the evidence. Sloss-Sheffield Steel & Iron Co. v. Thomas, 220 Ala. 686, 127 So. 165.

Wheeler G. Weaver was in the employ of the defendant Dorsey Trailers, Inc., on June 2, 1951, at the defendant's trailer plant in Elba, Alabama. At the time he and a fellow worker, one Toler, were welding I-beams. He and Toler were moving an I-beam about 16 feet long and about 8 inches wide, which was very heavy and which took two men to lift one end. As he and Toler were trying to drag the I-beam around and get it placed, Wheeler G. Weaver felt something sting in his back and an acute pain in the lower part of his back. They got the end of the I-beam to the floor and immediately thereafter Weaver tried to straighten up but could not do so. This occurrence took place about 2:30 in the afternoon of the last work day of the week. Wheeler G. Weaver "made it out" the rest of the day and went home and got a plaster and put it on his back. He was in and out of the bed the next day in his home and was in severe pain. He came to work on the next succeeding Monday and was able to get around but was in severe pain. On the 7th day of June Weaver went to a chiropractor, a Dr. Phillips, at Enterprise, Alabama, who examined him and told him that he had a hurt back and that he should be taken off of the job that he was on and put on a lighter job. When he presented to the Company's General Superintendent a showing from the chiropractor, the superintendent of the plant put him on a lighter job, namely, floor sweeping. He continued on this lighter job until sometime in August with his back hurting him all the time and at this time he was taking aspirin and other drugs for the pain. He was then sent by the company to its physician, Dr. Hayes, at Elba, Alabama, in August 1951, who diagnosed his injury as "a strained nerve". He continued to work at the lighter job until September 1, 1951, at which time at the company's direction, he went to Dr. A. B. Lee at Opp, Alabama, who put him in the hospital and x-rayed him and shortly thereafter sent him to Dr. Hannon, an orthopedic surgeon, at Mobile, Alabama. In about September or October 1951 Dr. Hannon operated on Weaver for a ruptured disc. Weaver was confined in the hospital for about two weeks. After his release from the hospital he was advised by the doctor not to do any work. He came back from the hospital and was in bed about two weeks. He was then in and out of bed for many weeks. The company paid the costs of surgery and hospitalization. His surgical wounds were dressed by Dr. Lee at Opp and Wheeler G. Weaver saw Dr. Hannon from time to time. In February 1952 Dr. Hannon fitted him with a brace, a steel support contraption covered with leather with a webbed stomach support which Weaver wore continuously from that time to the date of the trial. In September 1952 Wheeler was again examined by Dr. Hannon who did a bone fusion by taking a piece of bone from his thigh to stabilize the injured vertebra.

There is testimony tending to show that the injury of Wheeler G. Weaver consisted of a rupture of a disc, 5th lumbar right, referred to as low joint of back or lumbo sacral, resulting in considerable pain especially when standing for a while or attempting to stoop over. The operation performed by Dr. Hannon was for removal of the disc as a herniated cartilage.

██ It is seriously contended by the appellant that the injury suffered by Wheeler G. Weaver is not an accidental injury contemplated by the Workmen's Compensation Act. Recently this court had occasion to

consider the question here presented in Alabama Textile Products Corporation v. Grantham, Ala., 82 So.2d 204,[1] and held that in the situation here described there was an accidental injury within the meaning of the Alabama Workmen's Compensation Act. Reference to the foregoing authority with the authorities cited therein is entirely sufficient to sustain the position taken by the lower court in the present case.

The only questions left in the case relate to the amount of the awards made by the court. We think it unnecessary to consider these awards in detail. The court in summarizing its findings as to these amounts stated: "It is found that the plaintiff is entitled to compensation for 300 weeks. 91 weeks of this time is for total disability at the amount of $21 per week. 12 weeks is for partial disability immediately after the accident and before total disability began and 197 weeks is for permanent partial disability, being the remainder of the 300 weeks."

 With reference to the allowance for 197 weeks from June 1, 1953 at the rate of 50% partial permanent disability, it is argued that there is no evidence to support the court's finding of 50% disability. Dr. Hobbs testified that the permanent partial disability was 30 to 35%. Dr. Hannon testified that there was partial disability of 20 to 30%. The plaintiff testified to total permanent disability. We find no error in the court's finding of 50% partial permanent disability. The court had the right to evaluate the testimony of the witnesses and we think that the finding of 50% partial permanent disability finds support in the evidence. Garden City Heading Co. v. Thomas, 225 Ala. 273, 142 So. 534.

The appellee has made cross assignments of error but at the time of the submission of the cause filed no brief in support of the cross assignments. Accordingly the cross assignments of error will not be considered. Andrews v. Sullivan, 260 Ala. 291, 69 So.2d 870.

The judgment of the lower court is due to be affirmed.

Affirmed.

LAWSON, GOODWYN, MERRILL and MAYFIELD, JJ., concur.