234 So.2d 287

Jerome W. TROTTER, alias Jerome William Travis Trotter, and Sadie L. Trotter

v.

Clara B. ALLEN.

6 Div. 664.

Supreme Court of Alabama.

April 9, 1970.

Dempsey F. Pennington, Birmingham, for appellants.

**522**

John D. Prince, Jr., Birmingham, for appellee.

BLOODWORTH, Justice.

Originally this case was assigned to another justice of this court. It was recently reassigned to the writer.

This is an appeal by sellers from a decree granting the purchaser specific performance of a contract to sell a house and lot.

The issue before us on this appeal is aptly stated by the trial court in his final decree:

"* * * [I]t was agreed * * * that the pivotal issue for determination by the Court is whether the failure to specify the terms of the 'Second Mortgage' mentioned in the real estate sales contract * * * rendered the contract void for uncertainty, and, if not void, then whether the second mortgage [offered by buyer and containing specific terms] * * * reasonably complied with the said provision which required the furnishing by Complainant (Buyer) to Respondents (Sellers) of a second mortgage in the sum of $2,600.00."

The trial court determined this issue adversely to the sellers and held that the second mortgage proffered by the buyer to the sellers was reasonable and complied with the provisions of the real estate contract as to furnishing the second mortgage in the sum of $2,600. In this, we think the trial court erred because we think the contract was incapable of being specifically performed as we hereinafter indicate.

The pertinent portions of the bill of complaint filed by buyer allege that the buyer and the sellers entered' into a sales contract for the sale of the house and lot to the buyer for the sum of $6,424.55, of which sum $100 was paid as earnest money, $400 was to be paid in cash on closing the sale, and $2,600 "By Second Mortgage" with the purchaser agreeing to assume an existing first mortgage. The buyer alleged that she had delivered to the closing attorney the cash she was to pay on closing,

and certain other sums not here pertinent, and that she was ready, willing and able to proceed with the closing. She also alleged that "the second mortgage, described in said contract was, by agreement between the parties, to have been a twenty-year second mortgage with 8 per cent interest payable in monthly installments of Twenty-one and 75/100 ($21.75) Dollars per month." The bill prayed for specific performance of the contract by requiring the sellers to execute a deed to the property and requiring her to execute the mortgage required.

After the sellers' demurrer to the bill of complaint was overruled, they filed an answer and cross-bill. They denied: all material allegations of the bill and demanded strict proof of the same; that any money was ever paid them in connection with the transaction; that there was ever a valid or binding contract entered into by and between the parties; every material allegation seeking affirmative relief by way of specific performance; and, that there is any valid or binding contract or agreement between them which can be enforced in equity.

After submission of the cause to the trial court by the parties upon the pleadings and exhibits, and without taking any oral testimony, the trial court granted specific performance. It ordered the sellers to execute a warranty deed and deliver the same to the buyer or closing attorney, and ordered the buyer to deliver a second mortgage and note upon receipt of the warranty deed. After motion for rehearing filed by the sellers was overruled, the court issued a rule nisi to enforce its decree. This appeal then ensued.

There are several assignments of error argued by sellers for reversal of this case. However, the principal issue, and the only one to which we need address ourselves, is whether the trial court was in error in granting specific performance of the sales contract, or, put differently, did the failure to specify the terms of the second mortgage in the contract render the contract incapable of specific performance.

The sellers contend that the terms of the real estate contract which refers to part of the consideration as being "By Second Mortgage $2600.00" is so indefinite and uncertain that it is incapable of being specifically enforced without additional or oral testimony to explain the same. They say the court's granting of specific performance merely adopts a suggestion of the buyer that the mortgage be paid in certain installments over a period of twenty years and has no basis in law or fact. They argue the trial court made a contract for the parties which was never mutually agreed to, and the terms of which they dispute.

The buyer contends that by common understanding of the parties the terms of the second mortgage were agreed to by the parties (as alleged in her bill of complaint). She says she has done everything required to be done under the terms of the contract and should be granted specific performance to require the sellers to convey the property to her. She also contends that under Equity Rule 25, the sellers were required to admit or deny or confess and avoid all material averments of her bill of complaint, and that averments not denied, confessed or avoided are taken as admitted. She says the buyers never specifically denied the averments of her bill as to the terms of the second mortgage and therefore they are admitted.

First, we address ourselves to the principal question, that is, whether the terms of the contract sought to be specifically performed are too uncertain and indefinite to authorize the granting of specific performance.

Title 9, § 55, Code of Alabama, 1940 (as recompiled 1958), provides in part as follows:

"The following obligations cannot be specifically enforced:

*      *      *      *      *      *

"An agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable."

Are the terms of the contract in this case so certain as to make the precise act, i. e., the giving of a second mortgage for $2600 "clearly ascertainable"? Let us see what our cases have said on this subject.

In the recent case of Tensaw Land & Timber Co., Inc., et al. v. Covington (1965), 278 Ala. 181, 176 So.2d 875, a decree of the trial court granting specific performance was reversed when we held that a contract for purchase of realty could not be the subject of a suit for specific performance in view of the uncertainty of terms relating to payment of the purchase price. Much of what is said in that case is appropriate to the decision in this case and we quote therefrom:

"In neither the pleading nor proof are the terms or the due dates payments of the balance of the $275.00 purchase price set forth or alluded to. Thus if the receipts signed by R. M. Boykin be deemed to be written memoranda of the oral transaction, both the oral contract and the written memoranda are too indefinite to remove this transaction from the Statute of Frauds.[1] As stated in Alba v. Strong, 94 Ala. 163, 10 So. 242: [Footnote ours]

" 'The following propositions must be regarded as settled by the former decisions of this court beyond controversy: *First*, that to authorize the specific enforcement of an agreement to sell land, all the terms of the agreement must have been agreed on, leaving nothing for negotiation.'

"In Aday v. Echols, Adm'r, et als., 18 Ala. 353, a suit for specific performance of an oral contract to convey land, the vendee being put in possession, the bill alleged the payments were to be made in five equal annual installments. The proof was that the payments were to be made in *four* or *five* annual installments. The chancellor refused to order specific performance of the contract. In affirming this decree the court wrote:

" '* * * If the proof fails to establish the contract as alleged, or if any of the terms be left in doubt or uncertainty, then a specific performance cannot and ought not to be decreed, for it would then be uncertain whether the chancellor was enforcing the contract the parties had agreed upon, or whether he was making one for them, and decreeing its execution. The proof, therefore, must not leave the contract, or any of its terms in doubt. This is the result of all the well considered cases on this subject.—See Story's Eq. vol. 2, p. 69, § 764, and authorities cited; also Goodwin v. Lyon, 4 Port. 297, and the cases there referred to.

" 'Applying this principle to the allegations of the bill, and to the proof, we fully agree with the chancellor, that the evidence does not establish the contract with sufficient certainty to warrant a decree for a specific performance. * * *'

"Allen v. Young, 88 Ala. 338, 6 So. 747, concerned an oral agreement for the sale of a house and lot, the vendee having been put in possession. The chancellor entered a decree for specific performance of the contract. Finding that the evidence as to the terms for the payment were indefinite and uncertain, the court wrote:

" '* * * In no other class of cases is correspondence between the allegations of the bill and the proof produced to establish them more rigidly exacted. It is not sufficient that some agreement be proved. If the evidence fails to satisfactorily establish the particular agree-

1. Whether the contract in the case at bar is so affected by the Statute of Frauds, we neither consider nor decide since this issue is neither raised nor briefed.

ment alleged in the bill, or leaves any of its material terms in doubt or uncertainty, equity will not lend its aid to enforce its specific performance. "The complainant's case must be clearly made out, in harmonious pleading and proof, to entitle him to a decree." Daniel v. Collins, 57 Ala. 625; Bogan v. Daughdrill, 51 Ala. 312; [Iron Age] Publishing Co. v. [Western Union] Telegraph Co., 83 Ala. 498, 3 South.Rep. 449.' * * *"

We certainly think that the terms of this contract were deficient in not setting out specifically the term of the mortgage, the interest rate, and the monthly payments. Since we consider these to be "material terms," and since we consider they are in doubt or uncertainty, equity cannot lend its aid in enforcing specific performance. To do so would fly in the teeth of our statute, Title 9, § 55, supra, as well as be contrary to our case law.

See also Annotation "Uncertainty as to terms of mortgage or of accompanying note or bond contemplated by real-estate sales contract as affecting right to specific performance" 60 A.L.R.2d 251, 265, where it is said:

> "In a number of cases, the failure of a real-estate contract to specify the maturity date of the mortgage or notes, or the length of time the security was to run, has been held, either by itself or along with other factors, to make the contract sufficiently uncertain and indefinite as not to be capable of specific performance."

In Fett v. Sligo Hills Development Corp., 226 Md. 190, 172 A.2d 511, a recent Maryland case, it was held that a contract to buy a house for $40,000, to be paid $25,000 in cash and to give "a deferred purchase money mortgage for the balance of the purchase price" was not sufficiently definite in terms of the mortgage nor interest rate as to be capable of specific performance.

■ We do not think there is any merit in the buyer's contention that the bill's averments of the terms of the second mortgage were admitted by sellers by their failure to traverse these allegations in accordance with Rule 25. We readily concede that sellers could have been more specific in their answer as respects these averments. However, we consider these averments to be substantially denied by the sellers' answer.

We do not consider whether the rule of Cox v. Dunn, (1942) 243 Ala. 176, 9 So.2d 1, which held that where a cause is submitted for final decree on bill and answer, the allegations of the answer are taken as admitted, has applicability in this case or not.

Thus, we conclude that the decree of the trial court granting specific performance is due to be reversed and remanded for further proceedings not inconsistent with this decision.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.