4 So.2d 896

**ALABAMA PENSION COMMISSION et al.**
**v. MORRIS.**

**3 Div. 359.**

Supreme Court of Alabama.

Nov. 6, 1941.

Rehearing Denied Dec. 18, 1941.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for appellants.

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

BROWN, Justice.

The appeal is from a judgment of the circuit court awarding peremptory mandamus to appellants, the Pension Commission, functioning under Code of 1940, Tit. 60, § 1, "to certify to the State Department of Public Welfare that the petitioner, (appellee here) is entitled to pension as the widow of Samuel Cary Morris, a Confederate soldier," entitled to draw a pension, and commanding said Commission "to cause the proper warrant or warrants to be drawn on the Treasurer of the State of Alabama for the payment to the petitioner of the sum of $4618.40 so due her as such pension, and to place her name on the permanent pension roll of the Alabama Pension Commission as the widow of a Confederate soldier entitled to draw a pension."

The sum of $4,618.40, awarded by the judgment, was allowed as "back pension" extending back through the years including 1902.

The facts admitted by the answer briefly stated, are: Petitioner, Ella Pope Morris, married Samuel Cary Morris, a Confederate soldier, in Macon County, in the year, 1877; they remained citizens of Alabama, and lived together continuously until his death in January, 1902. Said Samuel Cary Morris, was a native of Chambers County, and remained a citizen of the state during his life. He served as a soldier in the army of the Confederate States during the entire period of the war.

At the time of the death of said Morris, petitioner was within the class of widows of Confederate soldiers entitled to the benefits of the law providing pensions for Confederate soldiers and sailors, and the widows of such soldiers and sailors, but did not apply therefor.

Petitioner, in May, 1906, married Burnett Moore, a Confederate soldier entitled to draw a pension, and lived with him until April, 1926, on which date she was divorced from Moore by decree of the circuit court of Lee County. Moore died in December, 1926. Since the death of Moore petitioner made application for pension as the widow of Samuel Cary Morris, and her application was rejected by the appellant Commission.

 The question presented to the circuit court and here is one of law. Did petitioner's marriage to Moore preclude her from claiming such pension as the widow of Morris? See Helms v. Alabama Pension Commission et al., 231 Ala. 183, 163 So. 807.

Prior to the passage and approval of Act No. 126, of June 27, 1927, Acts Reg.Session, 1927, pp. 87–88, Code 1940, Tit. 60, § 8, the remarriage of a widow of a Confederate soldier or sailor barred her right to claim a pension. Code of 1907, § 1997, 2008; Code of 1923, § 2938, 2944, Code 1940, Tit. 60, §§ 7, 15.

Said Act 126, while its purpose was to qualify the restrictions against remarriage as precluding the right to claim a pension if such remarriage was to a Confederate

soldier or sailor entitled to a pension, it clearly contemplated that the right to apply for pension was as a widow of the last husband. Petitioner was not entitled to claim as the widow of Moore, inasmuch as the marriage to Moore was dissolved by divorce before his death and she did not become his widow at his death. Code of 1940, Tit. 60, § 7.

The judgment of the circuit court is therefore reversed and one here rendered dismissing the petition.

Reversed and rendered.

GARDNER, C. J., BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.

THOMAS, J., dissents.

Justice THOMAS is of opinion that the statutes should be more liberally construed in favor of the applicant, and when so construed, the petitioner is entitled to a pension from the date she filed her application and proved her right to have her name enrolled as the widow of Samuel Cary Morris, but that she is not entitled to back pension. That the statutes, Code of 1940, Tit. 60, § 25 and 26, only authorize back pensions to those whose names have been inadvertently left off the roll on its revision by the Judge of Probate. On the last point there was no division of opinion among the Justices.