

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 13, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-686

Re: Whether widow, of a
former Texas Ranger,
who subsequently re-
married, is eligible
for the pension pro-
vided in Senate Bill
53, Acts 56th Legis-
lature, Regular Ses-
sion, 1959, Chapter
Dear Mr. Calvert:                                283.

Your opinion request relates to portions of
Senate Bill No. 53, Acts 56th Legislature, Regular
Session, 1959, Chapter 283, Page 629, as follows:

"(b) Pensions to Widows of Former
Texas Rangers. A pension of Eighty
Dollars ($80.00) per month shall also
be paid to the widow of each former
Texas Ranger who meets the following
conditions:

"(1) The widow was legally married
to a Texas Ranger or former Texas Ranger
prior to January 1, 1957, and at the time
of his death;

"(2) Her husband met the conditions
set out in paragraphs (1), (2), and (3)
of subsection (a) of this Section."

The fact situation giving rise to this request
is as stated in your letter:

"Anna Cooke Williams was married to Henry Lee Ransom on the 26th day of December, 1906. She was married to the said Henry Lee Ransom, a Ranger, who was killed in line of duty in the Ranger Service on the first day of March, 1918.

"The said Anna Cooke Williams later married Purdy M. Williams on the 1st day of July, 1922, and Purdy M. Williams died on the 30th day of October, 1952.

"The said H. L. Ransom qualified in every respect as a Texas Ranger, and were he living at this time he would be entitled to a Ranger's pension."

Webster's New International Dictionary (Second Edition 1938) defines a widow as follows:

"A woman who has lost her husband by death; the female survivor of a marital union."

In various cases throughout the United States the courts have held that remarriage by a woman would not terminate her widowhood. In re Rhode's Estate, 284 N.W. 706, 288 Mich. 220; Alabama Pension Commission v. Morris, 4 So.2d 896, 897, 242 Ala. 110; Trathen v. United States, C.A. Pa., 198 F. 2d 757, 759; In re McArthur's Estate, 292 P. 469, 471, 210 Cal. 439. In discussing the remarriage of the surviving wife, Corpus Juris Secundum has taken the following position:

". . . However, the word 'widow' is frequently used to refer to the person of the surviving spouse, rather than to her marital state or condition, that is, the term does not indicate whether she remains a widow or marries again; and thus it has been said that in the general sense of mankind, and even in a legal sense, although a widow remarries and becomes the wife of another she does not cease to be the widow of the deceased husband. . . ." 94 C.J.S. 51, Widow, Sec. 27.

It is our opinion that under the provisions of Senate Bill No. 53, the remarriage of this surviving spouse did not destroy her eligibility for the pension earned by her first husband.

### SUMMARY

The subsequent marriage of the
surviving spouse of a Texas
Ranger now deceased who was eli-
gible for a pension did not de-
prive her of her eligibility to
receive pension payments under
Senate Bill No. 53.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John C. Steinberger*
John C. Steinberger
Assistant

JCS:mg:rm

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Raymond V. Loftin, Jr.
Joe Allen Osborn
Riley Eugene Fletcher
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert