HOLMES, Presiding Judge.
This appeal concerns the interpretation of an act creating the Policemen’s and Firemen’s Retirement Fund of the City of Gadsden (retirement fund act).
Nell Woods Kennedy was married to Oscar Woods when he died in 1975. Prior to his death Mr. Woods received retirement benefit payments from the Board of Trustees of the Policemen’s and Firemen’s Retirement Fund (Board). Thereafter, Kennedy (as his widow) continued to receive payments pursuant to the provision of the retirement fund act. These payments continued to be paid to Kennedy until 1985, when she married Horace Kennedy.
Kennedy filed for divorce from Horace Kennedy in 1988. She contends that, when her divorce becomes final, she will be unmarried and, therefore, entitled to resume receiving the pension benefit payments from the Board. The Board argues, however, that Kennedy is not entitled to resume receiving these payments because her remarriage (to Horace Kennedy) terminated all rights to the benefit payments and the statute does not specifically provide for such reinstatement of benefits.
The retirement fund act in question provides a retirement system for public officers and firefighters employed by the City of Gadsden. The act in effect was 1959 Ala. Acts 226. Section 17 of this act, in pertinent part, provides as follows:
“If any retired member of such police or fire department shall die from any cause, leaving a widow, said board shall direct the continuation, from the date of such death of fifty per cent of the monthly retirement payments of such deceased retired member, to be paid to such widow of such deceased retired member during her natural life and while unmarried.”
The trial court construed the above act and concluded that, if Kennedy proceeds to obtain a divorce, she would be entitled to resume receiving pension benefits. The Board appeals, and we affirm.
On appeal we must examine the above provision, particularly the phrase “widow ... during her natural life and while unmarried.” We must determine whether a subsequent marriage by the “widow” forever terminates her rights to receive pension benefits or whether, upon dissolution of that subsequent marriage, she is eligible to resume receiving pension benefits.
At the outset we note that this is a case of first impression in Alabama. However, looking instead to the judicial authority of foreign jurisdictions, we find that a very similar pension statute has been interpreted in Kentucky. City of Henderson Police & Fireman Pension Board v. Riley, 674 S.W.2d 27 (Ky.Ct.App.1984).
In Henderson, as in the case before us now, the widow had been receiving her deceased husband’s pension benefits until she remarried. After the dissolution of her subsequent marriage, she applied for reinstatement of those benefits, but such request was denied by the Board.
The Kentucky Court "of Appeals interpreted the Kentucky pension statute and concluded that “[ujpon the termination of her remarriage by divorce she again became entitled to pension benefits as a ‘widow, while unmarried’ under KRS 95.-624(3)(c).” Henderson, 674 S.W.2d at 29.
In coming to the above conclusion, the court in Henderson first construed the term “widow.” There, the court made an exhaustive search of other jurisdictions and concluded that, unless otherwise stated, the term “widow” as applied in the statute merely designated the person to receive benefits. The court further found that such an interpretation was fully supported in a substantial line of decisions, beginning in 1895 with the landmark case of In re Ray’s Estate, 13 Misc. 480, 35 N.Y.S. 481 (1895). See cases cited in Henderson, 674 S.W.2d 27.
*888 Additionally, the Kentucky court examined the legislative draftsmanship of the statute. It determined that that the phrase “widow, while unmarried” in its usual and commonly accepted meaning appeared to be a phrase for the legislature’s reference to the surviving spouse of a qualified employee during the periods she was not married.
We have carefully reviewed the Henderson case, as well as the exhaustive list of cases cited in support thereof. Likewise, we have examined the excellent briefs of both the Board and Kennedy and the authorities supporting their arguments. We find the reasoning and definitions expressed in Henderson to be very persuasive and are inclined to follow such rationale as it applies to the instant case. Therefore, it would appear to this court that, since the retirement fund act does not specifically define “widow,” the term simply defines who is to receive the pension benefits and not a particular marital status. Further, the term unmarried tells when the widow is eligible to receive such benefits.
We also note that statutes creating pensions are remedial in character and should be liberally construed and administered in favor of the person intended to be benefited thereby. Geller v. Department of Treasury, 53 N.J. 591, 252 A.2d 393 (1969).
Furthermore, had the City wished to permanently extinguish a widow’s rights to benefits upon remarriage, it could have easily done so by using language expressly effecting such a result. We note that in the case of Alabama Pension Commission v. Morris, 242 Ala. 110, 4 So.2d 896 (1941), the supreme court was presented with a question similar to the one before us now. There, however, the specific code provision in effect at that time stated that the widow of any soldier or sailor “who has not married since the death of such soldier or sailor” (emphasis added) shall be entitled to relief. Therefore, as the widow had remarried after her husband’s death, she was not entitled to receive any relief.
In view of the above, we find that the language of the retirement fund act requires the resumption of benefits to the surviving spouse (widow) of a qualified former employee upon the termination of that surviving spouse’s (widow’s) remarriage. Therefore, as Kennedy was the person designated to receive the pension benefits of Woods, it is this court’s opinion that, pursuant to the retirement fund act, she is entitled to resume receiving such benefits upon dissolution of her remarriage.
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.