HOLMES, Retired Appellate Judge.
Emmett Doggrell appeals from the trial court’s denial of his request to have his retirement status reclassified from years of service to line of duty disability.
The Alabama Legislature passed two acts — 1979 Ala. Acts, No. 79-157 (Regular Session) and 1990 Ala. Acts, No. 90-192 (hereinafter collectively referred to as the Act). The Act provided for the administration and operation of a retirement fund for the City of Anniston’s police and fire departments and for the payment of the benefits to members of those departments and their dependents and survivors. This retirement fund is administered by the Board of Trustees of the Policemen’s and Firemen’s Retirement Fund (Board).
Our review of the record reveals the following pertinent facts: In May 1985 Dogg-rell, an Anniston police officer, requested that the Board grant him a line of duty disability retirement. The Board denied Doggrell’s request. In a letter dated May 31, 1985, the Board advised Doggrell of its decision and stated the following, in pertinent part:
“[T]he information presented at [this] time [is] not sufficient for the Board to grant line of duty disability retirement to [Dogg-rell] and if he wishe[s] to present more information later, the Board [will] consider it.”
Doggrell did not appeal the Board’s decision.
On January 20, 1988, Doggrell voluntarily retired from the police department, based upon his years of service. Doggrell’s last day of work with the police department was sometime in November 1987.
It is undisputed that between May 31, 1985, and January 20, 1988, Doggrell did not present to the Board any additional evidence related to his disability claim.
In August 1994 Doggrell requested that the Board reconsider his retirement status, based upon additional medical information. In February 1995 the Board held a hearing *1290 on Doggrell’s request for change of retirement status and denied his request in March 1995.
In March 1995 Doggrell appealed the Board’s decision to the circuit court. Thereafter, the parties filed with the circuit court a stipulation of facts, with supporting exhibits.
The circuit court determined that the stipulation of facts and the supporting exhibits were sufficient to enable it to decide the issue of the case, i.e., whether Doggrell’s retirement status could be reclassified from years of service to line of duty disability. The circuit court requested that each party submit a written argument in support of its position. Both parties complied with the circuit court’s request.
In July 1997 the circuit court issued an order, affirming the Board’s decision, which stated the following, in pertinent part:
“While this court recognizes that statutes creating pensions should be liberally construed and administered in favor of the person intended to be benefitted thereby (see Board of Trustees of the Policemen’s & Firemen’s Retirement Fund of the City of Gadsden v. Kennedy, 547 So.2d 886 (Ala.Civ.App.1989)), this court also cannot construe the statute in such a manner as to give it some meaning and effect that clearly was not intended by the legislature. [Doggrell] readily admits in his brief that the [Act] makes no provision for a reclassification of retirement status. The Act does provide for removal from the pension roll of a retired member who is no longer determined to be disabled as to service. However, the Act makes no provision for reclassification and this court cannot create a provision.
“This court recognizes that [Doggrell] served, with distinction, as a police officer for the City of Anniston for twenty-two (22) years, and that while working, was injured numerous times in the line of duty. If [Doggrell] had appealed the May 31, 1985, decision of the Board within the time prescribed in the Act, he may have received a line of duty disability retirement at that time. If [Doggrell] had again requested a line of duty disability retirement and presented additional evidence to the Board before his decision to take a years of service retirement, he may have received a line of duty disability retirement at that time. However, it is now too late to request such a determination as the Act makes no provision for such reclassification, even construing the entire Act liberally.”
(Emphasis in original.)
Doggrell appeals.
The dispositive issue is whether, under the facts and circumstances of the present case, Doggrell is entitled to have his retirement status reclassified from years of service to line of duty disability.
Doggrell argues that the Act should be construed to provide him with a right to have his retirement status reclassified because, he says, a statute which creates a pension fund should be liberally construed and administered in favor of the person intended to be benefitted thereby. Board of Trustees of the Policemen’s & Firemen’s Retirement Fund v. Kennedy, 547 So.2d 886 (Ala.Civ.App. 1989).
The Act states the following, in pertinent part:
“Section 12. Any member of the police or fire department on the effective date of this act who has been in continuous service as such member for a period of 20 years shall be entitled to retire and receive a monthly benefit from the fund....
[[Image here]]
“Section 13. If any member of the police or fire department becomes physically or mentally permanently disabled for service as a result of injuries received in line of duty, regardless of the length of the period of his service, so as to render his retirement from such service necessary, he shall be entitled to receive a disability benefit....
[[Image here]]
“The determination of a member being physically or mentally permanently disabled for service so as to render his retirement from such service necessary shall be made by the board based upon information supplied to it by a duly licensed physician. *1291 After any member of the police or fire department shall have retired upon pension by reason of disability, the board shall have the right at any time to cause such retired member to be brought before it and examined by the city physician or other competent physician or surgeon selected by it, and also to examine other witnesses for the purpose of ascertaining whether such disability continues and whether such retired member shall be continued on the pension roll.... Should the board determine that such member is no longer disabled for service, it shall order that benefits to him from the fund shall cease and that he return to service.
[[Image here]]
“Section 19. Within 30 days after any final decision of the board, any party, including the governing body of the city, aggrieved at the decision of the board may appeal from such decision to the circuit court of Calhoun County....
[[Image here]]
“Section 26. Words used in this act in the masculine gender include the feminine and neuter. A member of the police department of the city of Anniston is a sworn police officer. A member of the fire department of the city of Anniston is a firefighter.”
(Emphasis added.)
We have reviewed the Act. As noted above, the Act states that the Board has the right to “order that benefits to [any member of the police or fire department who has retired upon pension by reason of disability] from the fund shall cease and that he return to service” if the Board “determine[s] that such member is no longer disabled for service.” However, we find no provision in the Act which allows a member who has voluntarily retired on years of service to have his retirement status reclassified to line of duty disability. Under the facts and circumstances of this case, it can readily be determined that after his retirement in 1988, Doggrell was no longer a “member of the police or fire department,” as required by Section 13 and as defined by Section 26 of the Act.
Consequently, we find that Doggrell is not entitled to have his retirement status reclassified from years of service to line of duty disability.
Doggrell argues that, in the alternative, the Board should be estopped from denying him line of duty disability retirement because in May 1985 the Board advised him that he could submit additional medical information in the future. However, we cannot interpret the Board’s May 1985 letter to mean that the Board’s invitation to Doggrell to “present more information later” meant that such an invitation would remain open indefinitely. In light of the foregoing, the Board’s invitation remained open until Dogg-rell voluntarily retired from the police department on years of service.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.